Barnes & Manuel v. Darby & Cauthen.

Decided March 16, 1898.

1. Sale—Consignment—Agency—Profits—Fraud—Confusion of Goods—Conversion—Application of Payments.

Plaintiffs, who had furnished their debtor a stock of goods to be sold by him as their agent, the net profits of sales, above invoice prices, to be credited on his previous indebtedness to them, sued defendants, who, with notice of plaintiffs' interest, had taken the goods by attachment upon a debt owing by him to them, for conversion. Held, (1) as the goods were never sold by plaintiffs, the proposition that the net profits of a consignee, when invested in other goods, become subject to his debts, though correct, was inapplicable; (2) as the agent had not bought nor bound himself to pay for the goods, which remained the property of plaintiffs, the contract could not be pronounced fraudulent as to his creditors; (3) the fact that the agent had, without knowledge or consent of plaintiffs, bought and mingled other property with the stock held by him as their agent, did not render the portion belonging to plaintiffs liable for defendant's debt on the ground of confusion of goods, where plaintiffs were not called on to designate the property claimed by them till after the attachment of defendants was levied; (4) under the foregoing circumstances, the levy on plaintiffs' goods was illegal, and operated as a conversion from the date of the levy, not merely from that of sale; (5) no relation of debtor and creditor between plaintiffs and the agent arising out of the consignment, though the goods were charged to him on their books as agent, the ordinary rule of application of general payments on account to the oldest debt has no bearing on this case.

2. Remittitur—Costs.

Where there is a slight excess in the recovery, above what the evidence warrants, it may be cured by remittitur in the appellate court, the costs of appeal being taxed against appellee.

Appeal from Lampasas. Tried below before Hon. John M. Furman.

W. B. Abney, for appellants.

Matthews & Browning, for appellees.

Key, Associate Justice.—Appellees brought this suit against appellants to recover damages for the seizure and conversion of certain merchandise belonging to appellees. The uncontroverted testimony shows that on the 22d day of August, 1894, appellees agreed to furnish to one J. A. Chism a stock of goods, and a house in which to sell the same, in the town of Bluffton, Llano County, and that Chism was to sell the goods as the agent of appellees, and for a price at or above what the goods cost appellees delivered at Bluffton.

Both of the appellees testified that there was no understanding as to who was to have the profits on the goods, but appellee Cauthen stated, that whatever net profit might have resulted would have been credited by appellees to Chism on an antecedent debt, owing by Chism to appellees; and Chism testified that such was his understanding of the contract.

Under this contract appellees at different times shipped goods to Chism at Bluffton and charged them to him as agent, and at different times received remittances from him, which they placed to the credit of his agency account.

Without the knowledge or consent of appellees, Chism bought from other parties certain goods, which he placed in the store at Bluffton, and mingled with the goods furnished by appellees. At the time the contract referred to was made, August 22, 1894, Chism was insolvent, and was indebted to appellants, and appellees knew of such insolvency and indebtedness.

On April 26, 1895, appellants brought suit against Chism upon his debt, and caused an attachment to be issued and levied upon the entire stock of merchandise in the possession of Chism.

John N. Manuel, one of the appellants, testified at the trial of this case that at the time he instituted the attachment suit against Chism he had heard that appellees had furnished goods to Chism for sale on commission, and it was shown that T. J. Patton, who acted as agent for appellants in suing out the attachment, had heard that appellees claimed the goods that were levied upon.

Soon after the attachment was levied, appellees went to appellants, claimed the entire stock of goods levied upon, and demanded their release. Appellants informed them that some of the goods levied upon had not been furnished by appellees, and asked appellees to designate the particular goods claimed by them. This appellees offered to do, if appellants would agree to release such goods as appellees should designate and swear to. This offer was not accepted, appellants stating that if appellees would furnish a list of the goods claimed by them they would consider the matter. Appellees did not furnish the list, and it is not made to appear that they could have done so without going from the town of Lampasas to Bluffton, a distance of twenty-two miles.

The sheriff removed the goods to the town of Llano, which removal caused some deterioration in their value.

Afterwards, appellants and Chism compromised and settled the attachment suit, and by the terms of the settlement appellants agreed to deliver back to Chism all the goods seized under the attachment. However, before this was done, one of the appellees notified Chism that he had no authority to receive from appellants any of the goods that belonged to appellees; and thereupon Chism took back only the goods that had been procured by him from other persons, and declined to receive the others, stating that they belonged to appellees. Appellants held the other goods a reasonable time; and, as appellees did not demand them, appellants sold them for $115, the best price obtainable in Llano; paid the incidental expenses, amounting to $15, and still hold $100, the net proceeds of said goods, which has never been demanded by appellees.

There was a jury trial, which resulted in a verdict and judgment for appellees for $282.95, with 6 per cent interest from April 26, 1895.

Under the second, third, and fourth assignments of error, appellants submit this proposition: "When goods are shipped on consignment, and the consignor is to be paid for them at invoice price, all profits belong to the consignee, and such profits, when invested in other goods, becomes

subject to consignee's debts." And it is claimed that the court erred in refusing special instructions embodying this proposition of law.

It may be conceded that the proposition is correct, but there is no evidence in this case that would authorize the charges referred to. The uncontroverted testimony shows that the goods received from them were the property of appellees, and that Chism's possession thereof was only that of an agent. While he had bought other goods, and placed them in the store, he had not bought these goods, and had no title to them.

Under the tenth, fifteenth, seventh, and sixteenth assignments of error appellants make this proposition: "As the goods delivered to Chism by Darby & Cauthen were to be paid for at invoice price, and the profits to be paid to Darby & Cauthen to satisfy a pre-existing debt due from Chism to Darby & Cauthen, Chism being insolvent and Darby & Cauthen knowing this fact, this rendered the contract fraudulent and void as to the attachment of Barnes & Manuel, whether the parties intended to defraud creditors or not."

This proposition is at variance with the undisputed facts. According to all the testimony bearing upon the subject, appellees delivered the goods to Chism, to be held and sold by him as agent, and while the contract required him, if he sold the goods, to sell them at or above invoice prices, it did not obligate him to pay for them at any price. Chism never obligated himself to pay anything for the goods, in the sense of paying for property bought. The obligation resting upon him was to exercise due diligence to sell the goods, and after paying the necessary expenses incidental to the business, he was to deliver to appellees the money derived from such sales, and when demanded by them, return whatever amount of goods might remain unsold. As to the goods received from appellees, he was not a purchaser, but an agent.

Under the fifth, sixth, eighth, eleventh, thirteenth, fourteenth, and fifteenth assignments of error, this proposition is submitted: "One whose goods is intermixed with those of an attachment debtor, the same being susceptible of designation, the whole forming a stock of goods, wares, and merchandise in possession of the attachment debtor, can not recover of the attachment creditor damages for their seizure, without first designating the goods claimed by him."

The court refused to give special instructions embodying the doctrine summarized in this proposition; and it is contended in argument, that as Chism was in possession of an entire stock of goods, some articles of which belonged entirely to him, and as the goods claimed by appellees were susceptible of designation and identification by them, and as such identification could not be made by appellants, or the officer who made the levy, and as appellees failed to designate their property before the levy was made, and refused to do so after it was made, they are not entitled to recover damages for its seizure.

If it had been shown that appellees were called upon, before the levy was made, to designate the goods belonging to them, and they had failed to do so, it may be that they could not maintain this suit, but

the testimony does not show that any such demand was made. It was not shown that Chism had any authority to intermix appellees' goods with others not belonging to them, and as they were not called upon before the goods were seized to designate those belonging to them, and as appellants' debt against Chism was not created upon the belief that the property in question belonged to him, and as appellants admit that they had notice that appellees claimed the goods before the levy was made, appellants, in seizing the goods and converting them to their own use, occupied no better position than would Chism, the debtor, had he converted them to his use. Brown v. Bacon, 63 Texas, 595; Brooks v. Lowenstein, 35 S. W. Rep., 89; Drake on Attach., sec. 199; 3 Laws. Rights, Rem., and Prac., 1319.

There is no merit in the contention that appellees should have demanded the goods, after they were taken to Llano, and the proceeds of them, after they were sold; nor in the further contention that there was no conversion until the goods were sold at Llano, and that their market value at the latter place when appellants sold them was the proper measure of damages. Under the circumstances detailed above, the levy on appellees' goods was illegal; and therefore it was a conversion of the property at the time and place the levy was made; and the measure of damages was the market value of the property at Bluffton when the goods were seized; and no demand was necessary, as a basis to recover damages for the conversion of the goods.

Appellants asked an instruction, which sought to apply the doctrine that when there is a continuous account, consisting of many items, if no appropriation of payments is made to any specific item by either party, but the same is credited on the general account by the creditor, such payments will be applied according to the priority of time.

In our opinion, this instruction was properly refused. We do not think the doctrine referred to has any application to this case. According to the uncontroverted testimony, Chism was not a debtor, and appellees were not his creditors, although on their books they charged the goods placed in his hands to him as agent, and credited the same account with such funds as he remitted. It was necessary to do this, or something similar, in order to keep the business between them in an intelligible condition. The relation of creditor and debtor not existing, the doctrine referred to has no application.

While in general terms Chism stated that the goods involved in this suit belonged to appellees, and appellee Cauthen made the same statement, yet on cross-examination, when the details were inquired about, Cauthen stated that Darby & Cauthen did not furnish to Chism 32 gallons of coal oil, 34 pounds of cane seed, 113 fish hooks, and one-half gallon jar of female regulator, set forth in the petition. According to the averments in the petition, these articles were worth $11.50, and appellants contend that, as Cauthen admitted on the stand that these articles were not furnished to Chism by appellees, the verdict is excessive.

Under the testimony, we do not think appellees should recover for these articles; and it is probable that the jury did not intend to allow anything for them, because the uncontroverted evidence is that the goods described in the petition were, at the time of the seizure, worth $289.60, while the verdict is for $282.95. This, however, is a reduction of only $6.65. We find no testimony in the record which shows the value of the articles which Cauthen admits did not belong to appellees; hence we can not say that the jury deducted the proper amount, and that the remainder was worth $282.95. However, in appellants' motion for a new trial, it is charged that the verdict is excessive to the extent of $4.85 only. If this amount had been remitted in the court below, this objection to the verdict would have been removed; and as appellees have indicated a willingness to remit whatever amount this court may indicate, we conclude by saying, that if within twenty days from this date they remit $4.85 of the $282.95, allowed them by the verdict, and the interest on said $4.85, the judgment will be affirmed; otherwise, it will be reversed and remanded; and in either event the cost of appeal will be taxed against appellees.

*Affirmed, with remittitur.*

The amount indicated in the opinion was remitted by appellees, and judgment rendered accordingly.

Writ of errror was refused.