### YOUREE et al. v. BRADLEY et al.
### (No. 2457.)

(Court of Civil Appeals of Texas. Amarillo. April 29, 1925. Rehearing Denied May 27, 1925.)

**1. Appeal and error** ⟐882(3) — Special answer held disclaimer of title, estopping appellants from asserting title.

In suit for conversion of mortgaged chattels, special answer, denying that defendants ever asserted any claim thereto, *held* express disclaimer of title, estopping them from asserting title on appeal from adverse judgment.

**2. Pleading** ⟐36(3)—Disclaimer of right or title to property not overcome by accompanying general denial.

General denial does not overcome disclaimer of right or title to property, as such disclaimer must usually be accompanied by answer denying such facts as may be necessary to make it effectual, but each must refer to separate parts of bill, and defendant will be held more strongly on disclaimer, if repugnant to answer.

**3. Appeal and error** ⟐742(1)—Propositions not based on, or supported by, assignment of error or requested special issue, overruled.

Propositions not based on, or supported by, any assignment of error or request for submission of special issue, will be overruled.

**4. Trial** ⟐105(2)—Right to restriction of measure of damages to market value at place of conversion not affected by failure to object to testimony.

Failure to object to testimony, not limited to reasonable market value of property at or near place of conversion, does not deprive de-

---

fendants of right to insist that court so restrict measure of damages.

**5. Trial ⬦⟹215—Charge on market value of property at time of conversion held properly refused as general charge in case submitted on special issues.**

Charge to consider fact that oil well casing was in hole, its value under conditions at time of alleged conversion, and expense and hazard necessary to pull it, in determining its market value, *held* properly refused as general charge in case submitted on special issues.

**6. Trial ⬦⟹194(20)—Charge on market value of converted property held properly refused as on weight of evidence.**

Charge to consider fact that oil well casing was in hole, its value under conditions at time of alleged conversion, and expense and hazard necessary to pull it, in determining its market value, *held* properly refused as on weight of evidence.

**7. Trial ⬦⟹350(3)—Refusal to submit market value of each article converted held not error.**

Refusal to submit market value of each separate item of oil well machinery and tools alleged to have been converted *held* not error; jury being authorized to find value of all property.

**8. Trover and conversion ⬦⟹4—Exclusion of mortgagor from premises on which mortgaged chattels were located held conversion.**

Exclusion of mortgagor from premises on which mortgaged chattels were located, by armed guard, and service of notice by owner and lessee of premises not to enter without first signing written contract authorizing entrance on terms and conditions known only to them, *held* prohibition of removal, amounting to conversion, of such property.

**9. Appeal and error ⬦⟹843(1) — Errors not likely to occur on retrial not considered.**

Errors not likely to occur on another trial need not be considered on reversal and remand for new trial.

**10. Trial ⬦⟹205 — Court should charge that burden of proof is on party having affirmative of any issue.**

Court should charge that burden of proof is on party having affirmative of any issue submitted.

On Motion for Rehearing.

**11. Appeal and error ⬦⟹301 — Failure to charge on market value of chattels at place of conversion held fundamental error, available to appellants not bringing objection forward in motion for new trial.**

Failure to charge on market value of chattels at place of conversion, *held* fundamental error, available to defendants on appeal, though their written objection thereto, before submission of general charge, was not brought forward in motion for new trial.

**12. Appeal and error ⬦⟹301—Objection, not brought forward in motion for new trial, may be referred to to show court was informed of alleged defect in charge.**

Objection, not brought forward in motion for new trial, to failure to charge on market value of chattels at place of conversion cannot be considered as assigned error, but, if taken in time to point out error in charge, can be referred to to show that court was informed of particular defect claimed.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by R. J. Bradley against W. T. Youree, P. H. Williams, and others, in which defendant Williams filed cross-action against codefendants. Judgment for plaintiff, and for defendant Williams on his cross-action, and the other defendants appeal. Reversed and remanded.

Bullington, Boone & Humphrey, of Wichita Falls, and W. T. Link, of Clarendon, for appellants.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellees.

RANDOLPH, J. Appellee Bradley brought suit in the district court of Wichita county, Tex., against P. H. Williams, upon a promissory note for $2,483.33, and interest, payment of which was secured by chattel mortgage upon certain oil well casings, derrick, machinery, and tools, located in Donley county, given by Williams to Bradley, and in the same suit made appellants W. T. Youree, C. F. Williams, W. E. Reeves, T. R. Moreman, and J. B. Pickett, parties, charging conversion of the property covered by the mortgage, by said parties. Appellee Williams filed his answer, admitting the indebtedness on the note to Bradley, and also filed a cross-action for conversion, by the above-named appellants, of the property described in said mortgage. We will later discuss appellants' answer.

The trial court rendered judgment against Williams in favor of Bradley, upon the note sued on for the sum of $3,512.71 and interest, and against appellants, by reason of the conversion of said property by them, for the sum of $2,112.50, and, further, that such sum, or any part thereof, as collected, should be credited on the judgment against Williams, and also that Williams take nothing on his cross-action against appellants. Appellants appeal from the judgment to this court:

[1] Upon the errors assigned by appellants, based upon their claim of ownership and questions incidental thereto, appellants are precluded from claiming any ownership of the property in controversy, and hence any errors charged to the trial court upon questions involved in such claim of ownership, or incidental thereto, become immaterial for the following reasons: Appellants' first amended original answer contains a general exception, a general denial, special answer, setting up a contract in writing between appellant Moreman and Williams, in which it was agreed that

the defendant Williams might leave certain oil well drilling machinery and well casing then in the ground on said land for a period of one year from and after the date of the contract, at his (defendant Williams') risk, as to injury, damage, or loss; that the defendant Williams agreed verbally and in writing that he would have such property off the land before the expiration of said year, and that appellant Moreman signed said contract only after Williams had assured him that he would remove same within that time; that during said year Williams did remove a portion of said property; that after the expiration of the contractual year, by letters and telegrams, defendant Williams was notified to remove the remaining property, and that Williams wholly ignored same and refused so to do; and then, by certain special answer, appellant pleaded:

"These defendants specially deny that they, or any of them, have ever asserted any claim of any kind to any of said oil well machinery or casing, or either of them; that they have never asserted any claim to any of said machinery or casing, and do not now assert any claim to said machinery or casing; that they and each of them have always been willing, and are now willing, for said defendant P. H. Williams to remove said machinery from said premises."

This special answer is followed by the prayer that the plaintiff take nothing against them; that they and each of them be discharged with their costs, and for general and special relief in law and equity.

[2] This answer is an express disclaimer of title or right to the property in controversy, and thereby appellants are estopped from asserting title to same in this court, either by way of ownership, or as lienholders. 21 C. J. p. 428, says that a disclaimer "is sometimes treated as a form of answer, but is really a distinct kind of defense, as it has for its object the immediate termination of the suit, by showing that a further answer is unnecessary." Same, p. 429: "Where a defendant disclaims, he thereby precludes himself from asserting in that suit against a codefendant the right which he has so disclaimed." In this case a general denial, as well as the special pleading, is presented to this court, but the fact that there is a general denial does not overcome the disclaimer of right or title to the property. "A disclaimer can seldom be put in alone, but must usually be accompanied by an answer denying such facts as may be necessary, in order to make it effectual. Each must, however, refer to separate parts of the bill, and, if an answer and disclaimer are repugnant to each other, defendant will be held more strongly on his disclaimer." 21 C. J. § 428.

In the case of Herring v. Swain, 84 Tex. 525, 19 S. W. 774, where a disclaimer had been filed in a suit of trespass to try title,

Justice Gaines, discussing the effect of such disclaimer in connection with a plea of not guilty, and apparently recognizing the status of such disclaimer as being effective, not only in law, but also in equity, says:

"The sole complaint in this court is that the court erred in adjudging the costs against the plaintiff. The contention is, that because the defendant pleaded not guilty to the petition, without qualification, he put the plaintiff upon proof of his title to the entire tract of land claimed by him, and that therefore he should recover his costs. It is insisted that the disclaimer did not qualify or abridge the operation of the former plea. This should perhaps be treated more as a practical question than one capable of being decided upon any well defined rule of technical pleading. But even upon technical grounds, the position assumed can hardly be maintained. Under our system which permits the pleading of inconsistent defenses, the general issue will put the plaintiff upon proof of all the facts necessary to make out his case, although one or more of them may be admitted in a special answer. But a disclaimer, as it is known in equity pleading, is not deemed an answer (Story Eq. Plead. § 838 et seq.), and it is certainly not a defensive plea. It is an admission upon the record of the plaintiff's right, and a denial of the assertion of title on part of the defendant. If, therefore, a defendant in the action of trespass to try title should plead not guilty, and at the same time should file a disclaimer as to the entire tract of land sued for by the plaintiff, it would seem that the plea should be disregarded and that the plaintiff should have judgment for the land, unless damages were claimed, in which case it would put him upon proof of the trespass only."

See, also, Johnson v. Johnson (Tex. Civ. App.) 191 S. W. 368.

The appellants' disclaimer disposes of any claim of ownership to the property in controversy, and any error assigned in the trial of the case as effecting such ownership, and plaintiff's right to foreclose presented here, as stated, becomes immaterial.

This ruling disposes of appellants' propositions Nos. 1, 4, 6, 7, 8, 11, 12, and 16, which involve claim of ownership in one form or another, or on which errors are based upon some action of the trial court incidental thereto.

The questions arising upon the charge of the conversion of the property, or incidental thereto, will alone be considered.

[3] Appellants' propositions 14 and 15, not being based upon or supported by any assignment of error, and no special issue having been requested to be submitted to the jury covering the matters raised under such propositions, they are overruled.

[4] Appellants' second proposition complains of the trial court's submission of the issue of market value, and of the failure of that court to limit such market value to or near the place of conversion, and they tender a special issue, which was refused by the court, in which the jury are asked if the

property mentioned had a market value at Hedley, Tex., on or about the 1st day of April, 1922, and calling on them to state such market value.

The appellees contend that, as all the evidence of the witnesses was directed to the market value at Hedley, Tex., and that the issue discloses itself to an intelligent jury that the court wanted to know the market value at the time and place of conversion, and not at Wichita Falls, Fort Worth, or some other place, the issue submitted by the trial court was not erroneous.

The evidence of the defendant Williams does not so limit the question of market value. He states that he is acquainted with the reasonable market value of the property "during April of last year," but does not say that he was acquainted with it as it existed at or near Hedley, Tex.

The trial court submitted only one issue:

"What was the reasonable market value of the well rig, machinery, and materials left on the land of the defendant Moreman at the time the plaintiff went there for the purpose of removing the same from said land? Answer, giving the amount in dollars and cents."

While the record does not disclose that there was any effort to limit the witness in his testimony to the reasonable market value of the property at or near Hedley, Tex., yet the failure to interpose objections to the testimony not so limiting it will not and does not deprive the appellants of their right to insist that the court shall apply the proper rule for the guidance of the jury. The measure of damages should have been so restricted by the court. Tucker v. Hamlin, 60 Tex. 174; Blum v. Merchant, 58 Tex. 400; Wallace & Co. v. Finberg, 46 Tex. 35; Barnes v. Darby, 18 Tex. Civ. App. 468, 44 S. W. 1029 (writ denied).

[5, 6] The special issue No. 6, in which appellants requested the court to charge the jury:

"In considering the market value of said several items, you will take into consideration the fact that the casing was then in the hole, and what its value was under the conditions as they existed at said time, and you may estimate, in arriving at your value, the expense, cost, and hazard necessary to pull said casing."

This was properly refused by the court. It is a general charge, and, the case having been submitted to the jury upon special issues, it should not have been given. Fort Worth & D. C. Ry. Co. v. Morrow (Tex. Civ. App.) 255 S. W. 675. This charge is also objectionable as being on the weight of the evidence.

[7] It was not error for the court to refuse to submit to the jury the market value of each separate item of the machinery and tools. Under the evidence, the jury was authorized to return an answer covering the value of all the property; the amount so returned by them not appearing to be excessive.

[8] The evidence discloses that Williams, when he attempted to enter upon the premises of the appellant Moreman to remove the property, was met by an armed guard, who forbade him to enter upon the premises. Also the following notice was served upon him, viz:

"P. H. Williams, His Agents, Servants, and Employés: You are hereby notified by the undersigned T. R. Moreman, the owner of the fee simple, and by Hedley Oil Lease Association, owner of the oil and gas lease on the southwest quarter of section 66, block 21, H. & G. N. Ry. survey, Donley county, Tex., not to break the close or enter upon the land above described unless and until you have secured in writing from the undersigned, license and permission to do so. And you are further notified not to cause any one else in your employ to enter upon said premises, or to move or cause to be moved thereon, any machinery, equipment, or other personal property, without first having obtained such license and permission. In this connection, you are advised that the undersigned stand ready to give such license and permission to enter upon said premises for the purpose of removing any personal property which you may have, and upon reasonable terms, for the proper protection of, and safety to, our rights and interests in said premises. The terms and conditions upon which such permission and license could or would be granted form the proper subject-matter for a formal contract in writing. Hereof take due notice and govern yourselves accordingly, under pains and penalties of the law.

"T. R. Moreman,
"Hedley Oil Association,
"By W. E. Reeves, President."

In addition to being forbidden by the guard to enter Moreman's premises, Williams testified that Moreman told him not to remove the property, that he had lost his right to same, and advised him to let it alone. Moreman testified that his purpose in having Williams served with the written notice was to keep him off the land until he (Williams) "had made an arrangement to go on there."

We are of the opinion that the conduct of the appellants, including Moreman, was a prohibition of the removal by Williams of the property, and that, as a matter of law, such action and conduct amounted to a conversion of the property, and the trial court did not err in so holding. If the property was the property of Williams, then, by the terms of the contract under which it was left, on Moreman's premises, Williams had the right to remove it at any time, and a restriction upon such right by the requirement of a contract dictated by appellants, the terms of which were known only to appellants, would not remove the restriction. Such a dictation would nevertheless be an act of dominion over the property, denying

the absolute control of it to Williams. 38 Cyc. p. 2029; Gaw v. Bingham (Tex. Civ. App.) 107 S. W. 931; Henderson v. Beggs (Tex. Civ. App.) 207 S. W. 565; Cooley on Torts (2d Ed.) p. 524; Hearn v. Bitterman (Tex. Civ. App.) 27 S. W. 158.

[9] The other errors charged are not likely to occur on another trial. We therefore overrule all of appellants' assignments of error and propositions thereunder, except the proposition and assignment presenting the failure of the court to limit the submission to the jury of the question of the reasonable market value, and, for such failure to limit such market value as to place, we reverse the judgment of the trial court, and remand same for a new trial.

[10] In view of another trial, we suggest to the trial judge that he give a proper charge upon the burden of proof as resting upon the party having the affirmative of any issue submitted.

### On Motion for Rehearing.

[11] In their motion for rehearing, appellees attack our holding that the trial court should have given defendants' requested special issue in which the question was asked if the property converted had a market value at or near Hedley, Tex., on or about the 1st day of April, 1922.

The issue tendered to the trial court by appellants to be submitted to the jury is as follows:

"Did the standard rig, casing, tanks, and other articles described in defendant Williams' answer have a market value at Hedley, Tex., on or about the 1st day of April, 1922? Ans. 'Yes' or 'No.'

"If you answer the above special issue 'Yes,' then state the market value of each of such articles as alleged and described in defendant Williams' answer. Answer by giving the names of the articles and the value thereof as to each separate item."

In his main charge, the trial court submitted but one issue:

"What was the reasonable market value of the well rig, machinery, and material left on the land of the defendant Moreman at the time the plaintiff went there for the purpose of removing the same from said land?"

Appellees contend that the trial court was not required to give the issue so tendered by appellees, because all of the testimony showed that there was a market value at Hedley, Tex., for the property in controversy at the time of its conversion, and that the second question submitted in the issue, requiring the jury to find the market value of each item, was erroneous; that, this being true, such issue so tendered was not sufficient to call the court's attention to the fact that the issue submitted by him was erroneous, in that it did not submit the market value at Hedley, Tex.

In the case of Fort Worth & D. C. Ry. Co. v. Thompson, 222 S. W. 289, this court held:

"It is the rule, as we understand it, that, if an issue made by the pleadings and evidence has not been submitted at all, a requested instruction, though defective, is sufficient to call the court's attention to the matter and request the submission of a correct charge on the issue. But if the issue has been submitted generally, the party wishing a more specific charge must submit a correct instruction in order to be entitled to complain on appeal."

Clearly, from this quotation, "if the issue has been submitted generally," the implication is that, if there is no affirmative error in the general charge, and that such general charge is a complete statement of the law upon the subject-matter of the charge, the rule stated in such quotation controls. In the case of Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183, our Supreme Court lays down the rule:

"But in the instance of a defective or erroneous charge on a subject or issue which the court has undertaken to charge upon, the objections required by article 1971 take the place of special charges and render it unnecessary that the latter be tendered. It is immaterial whether the matter objected to in the court's charge is a mere defective or incomplete statement of the law or issue to be determined, or is affirmatively erroneous; objections which sufficiently specify the error will preserve the point on appeal, without the necessity of again directing the court's attention to the same subject by special charge."

It will be seen that the Supreme Court places affirmative error and incomplete statements of the law upon the same plane. In the case at bar the general charge submitted to the jury, an incomplete statement of the law in his one submitted issue, in that the jury were not required to find the market value at Hedley; the place of the market value being a necessary addition to his charge to complete it.

In this case, the defendants, appellants, had properly objected to the court's charge for the failure to submit to the jury the market value at Hedley, but did not bring this objection forward in their motion for a new trial. For that reason, because of such failure to bring the objection forward in their motion, appellants may be entitled to present the question here only because such general charge fails to include a necessary element in the issue given by the court presenting fundamental error, or the special issue tendered must have been such as to call the court's attention to the incomplete measure of damages he was submitting to the jury. The issue submitted by the court was an incomplete statement of the law for the reason stated, and only the one issue was submitted, as stated above.

The case of Ara v. Rutland, 215 S. W. 445-446, in an opinion of the Commission of Ap-

peals, which was expressly approved by the Supreme Court, discusses the failure of the trial court to require the evidence to show what the market value was at Victoria, Tex. The failure to so show by the witnesses was objected to, because the testimony did not meet the legal requirements necessary to establish the true measure of damages by charging that the witnesses did not testify as to the market value at Victoria, Tex. The Court of Civil Appeals had held that the defendant did not object to the testimony of the witnesses, and that his objection only went to the sufficiency of the evidence to establish the market value at Victoria. Upon this statement of the question the Commission of Appeals held:

"In this view we are of the opinion that the judgment is without evidence to support it. Difference in market value is one of the necessary elements to be established by the plaintiff to support a recovery; and another necessary element is to show by the testimony that this market value is that at the place designated by the law as furnishing the proper locus of the market from which the value is to be determined."

If the failure of the evidence to show a basic element of market value leaves the judgment without evidence to support it, certainly a charge which lacks that element is affirmatively erroneous. It is true, as stated, that the specific objection to the court's charge was made in writing by appellant before the court's general charge was submitted to the jury, but it was not brought forward in the motion for rehearing. However, if the rule in the Rutland Case is applied here, the failure to charge upon the market value at Hedley was fundamental error, because a necessary element was lacking in the charge to complete it, just as the lack of evidence upon the market value at Victoria was a necessary element, the absence of which rendered the judgment as being without evidence to support it.

[12] Another ground for holding such failure to submit the market value is: Before the trial court submitted his general charge to the jury, the appellants having objected to the charge in writing and one of their objections being that the charge did not limit the market value to Hedley, this presents reversible error. The object for the rule requiring that the motion for new trial presents all errors that are relied on, is that the trial court may have the opportunity to correct errors if there are any. The purpose of requiring objections to general charge to be made in writing and presented to the trial court is that he may eliminate all such errors from his charge. Owing to the fact that the objection upon that ground to the court's charge was not brought forward in the motion for a new trial, we cannot consider same

as an assigned error; yet such objection, taken in time to point out to the court the error in his charge, can be referred to for the purpose of noting the fact that the trial court was informed of the particular defect claimed in his charge. The failure to give a complete charge, after having the very question pointed out, and then having the special issue presented to him in which he was requested to give a charge asking the jury to find what the market value at Hedley was, in good conscience, should be held to have pointed out to him, and called his attention to, the fact that he was not limiting the market value to Hedley.

We therefore overrule appellees' motion for rehearing.