Lipscomb, J.
Tlie plaintiff demurred to the answer of the defendant, and as grounds of demurrer stated many objections to the proceedings before the justice of tlie peace which we will not notice, because we believe that if available at all they can only bo urged after making tlie plaintiff in the garnishment a party. The court below, however, thought otherwise, and sustained the demurrer and gave judgment against the defendant. It is believed, although tlie judgment and proceedings of the justice of the peace may be obnoxious to the objections taken to them by the plaintiff in this suit, yet that the plaintiff in those proceedings lias a right to be heard before they are ruled against him, and tlie defendant in the garnishment ought not to have been left by the court below in peril of having two judgments enforced against him for tlie same debt, and further, that the defendant cannot be called upon to defend the correctness of the proceedings before tlie justice of the peace. He was called upon to disclose what lie was indebted and not to object to tlie proceedings agaiust Mrs. Iludwell, afterwards intermarried with Bnrris. We consider that this question was settled hy the decision of this court in Dobbins v. Wybrants and Wybrants v. Rice and Nichols, decided at Austin, December Term, ISIS. We believe that Corley ought to have been brought in, and then the eoni't could have passed upon his judgment and either allowed and given effect to it or perpetually enjoined its recovery against the garnishee.
Judgment reversed.