No. 2433.

A. J. Morris *v.* T. H. Coburn.

1. **Increase of Cattle.**—In a suit for a cow and her increase, it appearing that defendant had taken the cow and while the cow was in his possession he had the two calves sued for, *held* that proof of ownership of the cow entitled plaintiff to judgment for the increase also.

2. **Measure of Damages** —In such suit the measure or extent of recovery would be the value of the property at the time of the verdict, or where restitution is ordered at the time of refusal by defendant to comply with the writ.

APPEAL from Bosque.  Tried below before the Hon J. M. Hall.

This suit was originally brought by the appellee, T. H. Coburn, against the appellant, A. J. Morris, in a justice's court in Bosque county, April the sixth, 1886. Morris gained the suit in the justice's court, and Coburn appealed to the district court. In the district court Coburn amended, claiming recovery from Morris of a cow and her increase since the year 1884, to wit: one sucking calf and one two year old, the three head of cattle alleged to be of the value of thirty-five dollars. Coburn sequestered the property and Morris replevied. The writ was quashed. The cause was tried in the district court without a jury, and resulted in a judgment for Coburn for twenty dollars, the value of the property at the time the suit was instituted, and eight per cent interest from the date of the judgment.

Appellant, by errors assigned, substantially complained of the judgment because it should have been for the market value of the animals at the time of conversion and interest, and not the value at the institution the suit; that the increase of the cow after conversion belonged to appellant, and should not have been included in estimating the damage or value. The court in conclusions of fact found that the cow and her increase was the property of Coburn; that Morris took the animal into possession in May, 1884, when the cow was three years old, and as law the court decided that Coburn, having shown he was the owner of the cattle, was entitled to recover their value.

Appellant also complains that the court in its conclusions of fact, finds, and in its judgment includes, the value of a yearling, the suit being for a two year old. The finding of the court was in the following language: "2. That the cow sued for was, at the institution of the suit, five years old. The yearling was worth six dollars, the calf four dollars, the cow ten dollars, this being their market value as proven."

*O. L. Lockett*, for appellant.

COLLARD, JUDGE. When a suit is brought, as in this case, for specific property, the judgment should be for the recovery of the property and in the alternative for its value. (Blakeley's administrator v. Duncan, 4 Texas, 184; Cheatham v. Riddle, 8 Texas, 168; Hoeser v. Kreaka, 29 Texas, 450.)

The court below gave judgment for the value of the property only. There is no complaint by either party on this ac-

count. The suit was for a cow and her increase, to wit, a calf and a two year old. It seems when the cow was taken into possession by defendant Morris she was about three years old. Plaintiff claims that he is entitled to the value of the cow and her increase; defendant claims that plaintiff is only entitled to the value of the cow at the time he took her into his posses-sion, and that the increase would be his. It is not pretended that defendant had any title to the cow, and the court found as a fact that his possession was not sufficient to give him title by limitation (and no limitation was pleaded). We conclude that as the cow was the property of Coburn all the while she was in the possion of Morris, her increase would be his prop-erty. (Sedg. on Dam., 431-433, note "C.")

In such a case the value of the property at the time of ap-propriation would not be the correct and just measure of dam-ages. Such value would exclude the increase altogether. When specific chattles are sued for, the value at the time of the ver-dict, or where there is a writ of restitution, at the time of refusal to comply with the writ by defendant, would be the proper value to be assessed. The appellant asks us to hold the time of *conversion* to be the time when the value should be assessed. If Coburn had sued for damages for *conversion* of the cow, this might be the rule. Plaintiff did not sue for damages for a conversion of his property, but the property itself, and he was entitled to his property or its value at the time of judg-ment. The court did not award him the judgment he was en-titled to, but awarded his alternative right, the value of the property. The judge did not assess the value at the time of the judgment, but at the date of the institution of the suit. For aught that appears in the record, the judgment was for a less amount than it should have been. It is probable the grow-ing cattle would have been worth more at the time of trial than at the institution of the suit. (See cases already cited; Sedg. on Dam., 431, 433, note "C;" Buckley v. Buckley, 12 Nev., 423.)

There is nothing in appellant's proposition that the court styled the two year old a yearling. The judgment was evi-dently for the value of the cow and her increase. We are of opinion the judgment ought to be affirmed.

*Affirmed.*

Opinion adopted October 16, 1888.

STAYTON,
*Chief Justice.*