### W. B. PADDOCK, ADMINISTRATOR, v. W. P. LEWIS.

#### No. 2307.

**1.  Evidence—Declarations of Decedent—Wife as Party.**
   In an action for conversion, brought by an administrator to recover money alleged to belong to his decedent's estate, the wife of the defendant was incompetent, under article 2248, Sayles' Civil Statutes, to testify as to declarations of decedent showing that the money was a gift by him to the defendant.

**2.  Same—Separate Property—Action for Conversion.**
   The fact that the excluded testimony of the wife would have shown the money to be the separate property of the husband, does not change the rule excluding her evidence as that of a party, since the action was one of conversion, the judgment therein, if for the plaintiff, would have been collectible out of the community estate of the husband and wife.

**3.  Principal and Agent—Allowance of Credits to Agent.**
   In a settlement between a principal and his agent, acting under power of attorney, the right of the agent to have certain expenditures allowed him as a credit does not depend solely upon his good faith in making such expenditures, but also upon whether he acted for his principal with reasonable prudence in that respect.

APPEAL from Tarrant. Tried below before Hon. S. P. GREENE.

*Matlock & Boyce,* for appellant.

*Hunter & Stewart* and *W. F. Wells,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellant as administrator of the estate of E. A. Maury, deceased, to recover of appellee the amount of certain rents collected by him belonging to said estate, and the further sum of $1940, the amount of a bank deposit alleged to have been held in trust for said Maury and converted by appellee.

The claim for rents was met by various items of credit which exceeded the amount of the rents, and to the extent of such excess appellee recovered judgment.

The defense to the count for conversion of the bank deposit was that Maury had made appellee a gift thereof. The evidence of appellee's wife as to the declarations of Maury was admitted over the objections of appellant to prove the gift, and to this ruling the first error is assigned.

It is plain that had judgment gone against appellee under this count, it would have been collectible out of the community estate of himself and wife. To that extent she would have been bound by the judgment. The statute which excludes certain evidence of parties to suits by or against administrators, etc., has been construed to apply to the wife in such cases. Sayles' Statutes, art. 2248; Simpson v. Brotherton, 62 Texas, 170; Newton v. Newton, 77 Texas, 510; Bennett v. Land & Cattle Co., 1 Texas Civ. App., 321.

The fact that the evidence was offered to prove a gift to the husband, thereby creating a separate estate in him, cannot affect the question. The purpose of this suit was to obtain a judgment against him for the alleged conversion, which would have fixed a liability against the community estate, and her testimony was offered under the general denial to defeat such a recovery.

This assignment of error is therefore sustained. It is insisted, however, that it should not require a reversal of the judgment, because the gift in question was proven by other and competent evidence, without conflict.

We do not so interpret the record. The evidence tended to different conclusions on this point. The manner in which the bank account was kept, and the attendant circumstances, tended to show that Lewis held the money in trust for Maury, and that he did not intend to accept it, or, at least, all of it, as a gift. His contention, which was adopted by the jury, that in returning to Maury $700 out of the Lewis-Maury deposit he merely made a loan to Maury out of the money so recently given him, was not the only view they might reasonably have taken of the transaction. But in view of another trial we abstain from a discussion of the evidence in detail.

Nor will we discuss the several objections taken to the court's charge,

but will presume that, had special charges been requested covering the omission complained of, the additional features, so far as proper, would have been incorporated in the charge.

We suggest, however, that whether Lewis accepted the alleged gift, in whole or in part, as such, was an issue distinctly raised by the evidence, and should in a like state of case on another trial be submitted to the jury.

We are also of opinion that the right of Lewis to have certain expenditures claimed by him as within the power of attorney under which he was acting, allowed as credits, did not depend solely upon his good faith in making such expenditures, but also upon whether he acted for his principal with reasonable prudence in that respect; and the charge should have contained this additional qualification. The rule is correctly stated in Mechem on Agency, section 495. We do not mean to intimate, however, that all the items submitted in the charge and allowed as credits by the jury came fairly within the scope of the power of attorney.

We commend the practice adopted in this case of having a separate finding on each item, so as to avoid a reversal of the entire judgment on appeal because of error in allowing or rejecting one or more of such items.

We conclude that the entire judgment should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered April 11, 1896.

HUNTER, Associate Justice, did not sit in this case.