S. F. NOLAN v. FRED SEVINE.

Decided June 29, 1904.

**1.—Value—Proof Insufficient.**

Judgment herein reversed for insufficiency of evidence to sustain the amount fixed as the value of a horse sought to be recovered.

**2.—Conversion—Specific Property—Value.**

In an action to recover specific property, or for its value in the alternative, the latter should be estimated at the market value at the time of trial, the suit being for the property, not for conversion.

Appeal from the County Court of Travis. Tried below before Hon. Jas. R. Hamilton.

*John Dowell,* for appellant.

*James & Yeiser* and *Fiset, Miller & McClendon,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover a certain horse and for the value of its use during the time of its detention, and in the alternative for the value of the horse. The case originated in a justice of the peace court, but was finally tried in the county court, to which it had been appealed. In the latter court, the plaintiff recovered a verdict and judgment for the return of the horse, if it could be found, and in the alternative for $60, its market value. He also recovered $27.50 for the use of the horse.

The defendant has appealed, and presents the case in this court on numerous assignments of error, all of which are overruled, except the eighth, which complains of the verdict in fixing the value of the horse at the time of the trial at $60. No witness estimated its value at that time at more than $35; and we find no testimony in the transcript that would support the verdict fixing the value at $60.

The trial court did not err by instructing the jury to find the present market value of the horse. The plaintiff's suit is not primarily for damages resulting from a conversion, but is an action for the recovery of his property, and in the alternative for its value. It has been held that in such a case, if the plaintiff is entitled to recover the property, and it is not restored and can not be found, the measure of damages is the value of the property at the time of trial; or, where there is a writ of restitution, at the time of refusal to comply with the writ. Morris v. Coburn, 71 Texas, 406; Rev. Stats., art. 1645.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*