**HICKMAN et ux. v. ALDRIDGE.**   (No. 608.)

Court of Civil Appeals of Texas.   Eastland.
Oct. 25, 1929.

Wilkinson & Wilkinson, of Brownwood, and J. L. Alford, of Rising Star, for appellants.

E. B. Hendricks, of Fort Worth, for appellee.

FUNDERBURK, J. This is a suit by Jesse S. Aldridge against Roy Hickman and wife for damages for the conversion of a piano, with an alternative claim for the "title and possession of said piano, with damages for all injuries to said piano, and for the detention and withholding the same from the plaintiff, together with damages on account of the depreciation of the market value thereof by reason (of the) said withholding thereof from plaintiff." The pleading further alleged as a part of such alternative claim that the piano had been damaged in shipment from Fort Worth, Tex., to Rising Star, and in moving the same from the depot at Rising Star, at least $150, and that, by reason of defendants' removing said piano from the depot at Rising Star to their home and withholding same for a period of approximately six months, the piano was classed as second-hand, and the market value thereof depreciated at least $500. The prayer was for judgment for $1,150, the alleged market value of the piano at the time it was alleged to have been converted with 6 per cent. interest, and, on the alternative claim, judgment was prayed for the title and possession of the piano with recovery of damages for $650 and for general and special relief. Defendants' answers consisted only of a general demurrer and a general denial. The case was tried before the court without a jury. The court did not file conclusions of fact and law. By the judgment, plaintiff recovered nothing upon his cause of action for conversion. He was awarded judgment for the title and possession of the piano, with an award of recovery of the sum of $200 as damages for the detention of the piano. It was further decreed that, if the piano could not be had, plaintiff should recover of and from the defendant Mrs. Roy Hickman the sum of $1,100, same recited to be "the value of the piano as found above," and it was further adjudged that the recovery of the $1,100 should be "in addition to the damages and costs aforesaid." The judgment provided that execution should first issue against the separate property of Mrs. Hickman, and secondly, the community property, but provided that, in no event, should execution issue against the separate property of Roy Hickman. It was further adjudged that plaintiff take nothing against Roy Hickman, and it was also recited "that the defendants take nothing against the plaintiff by reason of their cross-action filed herein." According to the record, however, no cross-action was filed. The answer of the defendants, as said above, consisted of general demurrer and general denial. From the above-described judgment, defendants have appealed, and appellee has filed cross-assignments of error. For convenience, the parties will be referred to as plaintiff and defendants the same as in the court below.

Plaintiff's cross-assignments of error complaining that the trial court erred in not giving him judgment upon his cause of action for conversion will be noticed first. The judgment is not entirely clear on the point that it awarded no recovery for conversion. Appellee seems to construe that it did award such recovery, but in the alternative to the recovery of title and possession of the piano. We do not believe the judgment is properly to be so construed. The judgment having certainly awarded recovery of specific personal property, it was the duty of the court to also award judgment for its value. Lang v. Dougherty, 74 Tex. 226, 12 S. W. 29; Morris v. Coburn, 71 Tex. 406, 9 S. W. 345; Blakely's Adm'r v. Duncan, 4 Tex. 184; Cheatham v. Riddle, 8 Tex. 168; Hoeser v. Kraeka, 29 Tex. 450.

Such award of recovery for the value of the property in case the specific property could not be found is upon a different principle than that governing damages for conversion. This is pointed out in Morris v. Coburn, supra, wherein it is held that the value involved in a conversion is that of the property at the time it is converted, but the value awarded as an alternative to recovery of specific property is the value at the date of the judgment, or, as there said, if writ of restitution is issued when compliance with the writ is refused. We therefore construe the judgment in this case as having refused recovery to plaintiff upon his cause of action for conversion and having awarded recovery of specific personal property or its value.

As so construed, all controverted questions of fact going to show whether or not there was a conversion must be resolved in favor of the judgment as against the existence of conversion. Defendants, by their testimony, tendered an issue of fact as to whether Gray, in the transaction involving the sale of the piano, was the agent of the plaintiff. The testimony of defendants also shows that Mrs. Hickman turned over to Gray diamonds as part payment of the purchase price of the piano, the value of which was asserted to be $515.28. It was defendants' contention that upon their repudiation of the contract of sale they asserted no claim to the piano other than the right to hold same to enforce restitution of the diamonds. In support of the judgment denying plaintiff a recovery for conversion, these issues will be treated as having been found in accordance with defendants' claim.

The next pertinent inquiry is whether the refusal of Mrs. Hickman to deliver possession of the piano back to plaintiff can be

properly held not to constitute a conversion and at the same time be consistent with the judgment in so far as it awards to plaintiff recovery of the piano or its value. Undoubtedly the general rule is that "a refusal to permit an owner to take possession of or handle chattels which defendant holds under an invalid contract, or a contract that has been rescinded, constitutes a conversion." 38 Cyc. 2023; Uvalde National Bank v. Dockery (Tex. Civ. App.) 83 S. W. 29. But an exception to such rule seems to be recognized as applicable to a case where the purchaser of personal property, who acquires possession under a contract which is afterwards mutually rescinded, withholds the possession of such property only to enforce a restoration of something given under the contract. Flaccus Glass Co. v. Alvey-Ferguson Co. (Ky.) 102 S. W. 870; Kidder Press Co. v. Reed, 133 Ky. 350, 117 S. W. 950, 134 Am. St. Rep. 450.

■ This case seems to us to come within such exception. Defendants' original possession of the piano must be regarded as rightful rather than wrongful. Mrs. Hickman had the right to purchase the piano and to acquire its possession just as she did. Plaintiff in dealing with her did so with the knowledge that she was a married woman and had the right to repudiate any obligations she purported to incur under the contract of sale. When plaintiff shipped the piano to her and mailed to her the bill of lading, he thereby transferred to her the possession of the piano. Whether, under all the circumstances of the case, he also transferred the title, it is unnecessary for us to determine. Whether title passed or not, the repudiation of the sale by defendants, they having the right to do so, revested title in plaintiff if same ever passed. Plaintiff's suit, in so far as it asserted title to the piano to be in him, sufficiently manifested his acceptance of the defendants' repudiation of the contract. Upon plaintiff's acceptance of the repudiation, he became entitled to a restoration of the diamonds or their value. If defendants had the right to demand as a condition for yielding possession of the piano that plaintiff restore the diamonds, as we have concluded under the authority of the cases above cited they did, then they would not be liable to plaintiff for damages as the result only of the detention of the property in their possession. Defendants' refusal under such circumstances to yield the possession would not show a conversion. We therefore accordingly overrule plaintiff's several counter assignments.

■ If defendants were not, under the pleading and evidence, shown to be guilty of a conversion of the piano, it does not follow that they could hold the possession of same indefinitely as against suit for its possession, supported by evidence establishing title in the plaintiff. If it was the view of plaintiff that Gray was not his agent and that therefore plaintiff was under no duty to restore the diamonds, it was not incumbent upon the plaintiff to tender the issues of such agency and liability in his suit for possession of the piano. Those were matters for defendants to urge by way of cross-action. Defendants could have answered and set up a cross-action for restitution of the diamonds or judgment for the value thereof, and, upon establishing that Gray was the agent of plaintiff and that he took the diamonds as a part payment for the piano, with the knowledge and consent of plaintiff, or acting within the scope of his authority as agent, defendants might have had judgment therefor. But, according to the record before us, defendants interposed no such claim. The evidence indicating its possible existence has the effect merely to acquit the defendants of liability for a conversion. In the absence of pleading permitting an adjudication of the question of his liability to account for the diamonds, plaintiff showed a right to recover possession of the piano or the value thereof, if there was sufficient evidence before the court from which to determine such value. Also, had it been pleaded and proved that defendants had injured the piano while in their possession, recovery could have been had for damages for such injuries. Having held, however, that defendants had the right under the circumstances to hold possession of the piano to enforce restoration of the diamonds, it is our further view that plaintiff was not entitled to damages for the mere detention of the piano. We therefore think that the judgment of the trial court was erroneous in so far as it awarded recovery to plaintiff of $200 for such detention.

■ We are also of the opinion that the trial court erred in finding the value of the piano to be $1,100. There was evidence that the retail value of a new piano of the same class as the one in question was $1,150. Had the defendants interposed in this suit a claim for the recovery of the diamonds or the value thereof, alleged to be $515.28, then upon establishing such claim plaintiff would have been put in the position of having made a retail sale of the piano, and it would have been proper, we think, in such case, to award the retail value of the piano in the event the piano itself could not be had. With this issue, however, voluntarily eliminated by the defendants, we think the maximum value that plaintiff would have the right to recover in lieu of the recovery of the piano would be the value he fixed upon it as a wholesaler, namely, $560. Between the wholesale price or value of $560 and the retail price or value of $1,150 there intervenes, perhaps, a number of things, and certainly one, not the least of which is the retailer's profit. That profit may well be supposed to be represented in the instant case by the $515.28 worth of diamonds turned over to Gray. Surely there is

no justification for a claim by plaintiff that he is entitled to recover judgment for a value including such profit, in addition to the $560 at which he voluntarily valued the property in making his sale of same. The purpose of the law is to award as nearly as practicable the monetary equivalent of possession of the property.

There being no question that $560 is the maximum monetary equivalent of the return of the possession of the piano, and there being no proper basis in the pleadings or evidence for the recovery of any other sum, we think the judgment of the trial court should be reformed so as to allow recovery of the value of the piano at $560, and to deny recovery of $200 allowed as damages for detention, and, as so modified, that judgment be affirmed, and it is accordingly so ordered.