### HUTSON v. BASSETT et al.

### No. 794.

#### Court of Civil Appeals of Texas. Eastland.

#### Jan. 30, 1931.

Turner, Seaberry & Springer, of Eastland, for appellant.

Taylor, Muse & Taylor, of Wichita Falls, for appellees.

HICKMAN, C. J.

Mrs. Leda Garrett Hutson, wife of appellant, died testate at Wichita Falls, Tex., on July 5, 1927. By her will she gave to her husband $1, and all the balance and remainder of her property to her sister, Mrs. Mary Garrett Bassett, and her brothers, J. M. Garrett and Vanmeter Garrett. Mrs. Bassett and J. M. Garrett were named executrix and executor without bond. The two brothers transferred their interest in the property in controversy to Mrs. Bassett. This suit was instituted by Mrs. Bassett, joined pro forma by her husband, against appellant, alleging the conversion by him, subsequent to the death of his wife, of certain personal property. Three separate lists of articles claimed to have been converted are set out in the petition. One list was alleged to have been the community property of the deceased and appellant; another list the separate property of the deceased; and the other list the separate property of appellee Mrs. Bassett. Each of the articles was valued separately in the petition. In her prayer for relief, appellee prayed for the possession of all of said property, and in the alternative for damages for the value of those articles, if any, not delivered. Appellant's answer alleged, among other things, certain expenditures claimed to have been made by him on account of the last sickness and funeral of his wife, and the amount thus expended was pleaded as an offset. The case was submitted to a jury on special issues, and on the verdict judgment was rendered in favor of appellee for $232.20, after allowing the offset to which the jury found appellant was entitled. Many objections and exceptions to the court's charge were seasonably filed by appellant, and the questions here presented are largely those based upon the rul-

232

ings of the trial court on those exceptions and objections. To set out the charge and the exceptions thereto would lengthen the opinion without profit. We have determined that most of the exceptions were good and should have been sustained, and shall dispose of the controlling questions presented by the following rulings:

The terms, "community property" and "separate property," used in the charge, are legal terms, and should have been defined. Article 2189, R. S. 1925; Speed v. Gilliland (Tex. Civ. App.) 18 S.W.(2d) 762.

It was not necessary that appellant specially request charges defining these terms. His objections to the charge pointing out these omissions were sufficient to preserve the question for review. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

In a suit for conversion of personal property, the measure of damages is the value of the property converted at the place of seizure on the day of conversion, with interest on that value. Tucker v. Hamlin, 60 Tex. 171; Ara v. Rutland (Tex. Com. App.) 215 S. W. 445; Youree v. Bradley (Tex. Civ. App.) 275 S. W. 410; Risinger v. Bank (Tex. Civ. App.) 12 S.W.(2d) 242.

Appellee sued for the possession of the property, and in the alternative for damages. The judgment rendered in this cause was entered on that basis. In such case the measure of damages is the value of the property at the time of the trial, or when redelivery is refused after restitution is ordered. Morris v. Coburn, 71 Tex. 406, 9 S.W. 345; Hickman v. Aldridge (Tex. Civ. App.) 21 S.W.(2d) 341, and authorities there cited.

There was submitted to the jury only the total value of each group of items involved in the suit. In the judgment the court found the value of certain articles which appellant still has in his possession. Since, under the judgment, appellant had the privilege of returning any one of the articles recovered, instead of paying its value, there should have been a finding of the jury on the value of each of the several articles making up the aggregate. Hoeser v. Kraeka, 29 Tex. 450; Hickman v. Aldridge, supra.

The court was not authorized to make findings as to the value of each article and in that manner supply the deficiency in the verdict of the jury. Dysart v. Terrell (Tex. Civ. App.) 70 S. W. 986; Ratliff v. Gordon (Tex. Civ. App.) 149 S. W. 196.

We do not pass on the question as to whether the executor and executrix, as such, should be made parties upon the next trial, but call attention of appellee to the fact that that contention was made in oral argument on sub-

mission, and the case of Hardin v. Hardin (Tex. Civ. App.) 1 S.W.(2d) 708, is relied on by appellant as authority for the contention. The facts in this record are too meager to afford a basis for determining that question.

For the errors noted, the judgment of the trial court will be reversed, and the cause remanded.