## NATIONAL SURETY CO. et al. v. ODLE et al.

### No. 1072.

Court of Civil Appeals of Texas. Waco.

June 4, 1931.

Rehearing Denied July 9, 1931.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellants.

Bryan & Maxwell and Sleeper, Boynton & Kendall, all of Waco, for appellees.

GALLAGHER, C. J.

W. C. Odle sued Exporters & Traders Compress & Warehouse Company, Turner Bros., a partnership composed of W. H. Turner and H. L. Turner, and National Surety Company, a corporation, in the justice court to recover one bale of cotton, or its value, which he alleged to be $100. He sued out a writ of sequestration for the seizure of said bale of cotton, and caused the same to be levied thereon by the constable. The parties will be designated as in the trial court. On the trial of the case in said court, plaintiff recovered a judgment against all the defendants for said bale of cotton, or in the alternative for its value in the sum of $91.88. The judgment further recited that said bale of cotton was then in the custody of the constable, and ordered him to surrender the same to the plaintiff. Turner Bros. and the National Surety Company appealed to the county court.

Plaintiff on the trial in the county court sought recovery for the conversion of said bale of cotton, and was awarded a judgment against Turner Bros. and the National Surety Company, jointly and severally, for the sum of $101.69, with interest from the date thereof. The defendant Exporters & Traders Compress & Warehouse Company having entered a disclaimer in the justice court and again in the county court, it was further ordered that plaintiff recover nothing against said defendant, and that it recover its costs. No reference to the sequestrated cotton, nor disposition thereof was made in such judgment. Defendants Turner Bros. and National Surety Company have appealed to this court.

### Opinion.

Said defendants present a proposition in which they contend that the plaintiff, having sued in the justice court for the recovery of said bale of cotton, and having caused the same to be seized and impounded by writ of sequestration, thereby elected to seek

recovery of the property itself, and could not thereafter, on appeal to the county court, abandon his demand for such property and have a recovery for the value thereof on the ground that the defendants had unlawfully converted the same. The bale of cotton in controversy was the property of plaintiff. It was stolen from him on the 5th day of December, 1929, by some party unknown, and on the same day delivered to the Exporters & Traders Compress & Warehouse Company. Said company issued therefor its warehouse receipt. Said receipt was issued in the name of E. W. Wallace, and by the terms thereof said company agreed to deliver said bale of cotton to him or bearer on surrender of such receipt. Said receipt was sold and delivered to Turner Bros. They purchased the same in good faith, not knowing that the cotton represented thereby had been stolen. The National Surety Company, having contracted to indemnify them against loss in such cases, paid them the amount they had expended in the purchase of said receipt, and they transferred the same to said company. Plaintiff on the 24th day of January, 1930, demanded said bale of cotton of all the defendants, and his demand was refused. He thereafter, on the same day, instituted this suit, and caused the same to be seized under his writ of sequestration, and it is now in the possession of the officer levying the writ.

Plaintiff had at his election two remedies for redress of the injury resulting from the theft of the bale of cotton in controversy in this case. One of such remedies was to sue for the recovery of the specific property. The other was to treat the possession thereof by defendants, and their refusal to surrender the same on demand, as a conversion, and sue for the value thereof. Such remedies were inconsistent, and the assertion of one was necessarily a waiver of the other, except in the alternative that the remedy first sought had proved unavailable. A suit for specific property involves a persistent and continuing claim by the plaintiff of title to the property sued for, and invokes the aid of the court to effect its restoration. A suit for conversion treats the unlawful acts of appropriation by the defendant as having divested the plaintiff of his title and invokes the aid of the court to secure compensation therefor by an award of its value as damages in lieu thereof. 18 C. J. 991, § 4.

In suits for the recovery of specific property, the seizure thereof under judicial process establishes the primary character of the suit, and is wholly inconsistent with a mere alternative demand therefor in event the plaintiff fails to establish a conversion. The record in this case shows affirmatively that the remedy asserted by plaintiff in the justice court was the recovery of the specific bale of cotton claimed by him; that he sued out a writ of sequestration therefor, and caused the same to be seized thereunder, and that the same is still in the custody of the officer who levied such writ. He secured in that court judgment for title to, and possession of, said bale of cotton, and an order directing the officer to surrender the same to him. The record shows affirmatively that such relief was equally available to him in the county court. He, however, in that court abandoned his demand for the recovery of the specific property, and procured a recovery for the value thereof, on the ground that defendants had converted the same. This he should not have been permitted to do. Humble Oil & Refining Co. v. Southwestern Bell Telephone Co. (Tex. Civ. App.) 2 S.W. (2d) 488, 489, pars. 1 and 2, and authorities there cited; Saner-Whiteman Lumber Co. v. Texas & N. O. Ry. Co. (Tex. Com. App.) 288 S. W. 127.

Article 2433 of our Revised Statutes provides, in substance, that where the judgment is for the recovery of a specific article, its value shall be assessed and that the judgment shall be that the plaintiff recover the same, if it can be found, and if not, its value as assessed, with interest at legal rate from the date of such judgment. The value to be so assessed is the value of the property at the date of the judgment. Morris v. Coburn, 71 Tex. 406, 408, 9 S. W. 345; Nolan v. Scvine, 36 Tex. Civ. App. 489, 81 S. W. 990, 991. The parties hereto have agreed that said bale of cotton weighed 528 pounds and was worth $9.05 per hundred at the time of trial, or an aggregate value of $47.78. The judgment of the trial court will therefore be so reformed as to award plaintiff, in lieu of the moneyed judgment appealed from, a recovery of said bale of cotton, and if the same cannot be found, its value in the sum of $47.78 as aforesaid, and the officer in possession thereof will surrender the same to plaintiff on demand. The judgment of the trial court that plaintiff recover his costs in the courts below will not be disturbed, but the costs of this appeal will be adjudged against him.

Plaintiff by cross-assignments of error complains of the refusal of the trial court to render judgment in his favor against Exporters & Traders Compress & Warehouse Company. Plaintiff excepted to the judgment rendered, and gave notice of appeal, but did not file an appeal bond. Exporters & Traders Compress & Warehouse Company being a coappellee with plaintiff, his cross-assignments of error against it cannot be considered. Gilmer v. Veatch, 102 Tex. 384, 386, 117 S. W. 430; Booth v. Uvalde Rock Asphalt Co. (Tex. Civ. App.) 296 S. W. 345, 346, par. 1 (writ refused); Absolene Company v. Letwin (Tex. Civ. App.) 284 S. W. 288, 289, par. 3.

The judgment of the trial court, as so reformed, is affirmed.