## RAMSOWER v. PIEPER.

### No. 8629.

Court of Civil Appeals of Texas. Austin.

March 16, 1938.

Thos. C. Ferguson, of Burnet, for appellant.

McCLENDON, Chief Justice.

G. R. Ramsower, as administrator of the estate of George W. Ramsower, deceased, sued Pieper to recover specific personal property or its alleged value, $447. In a jury trial upon a special verdict, plaintiff recovered two of the items valued at $20, and Pieper recovered the balance. Administrator Ramsower has appealed.

The controlling question the appeal presents is whether Mrs. Pieper had such interest in the subject matter of the suit as to disqualify her under R.S., article 3716, to testify to conversations and transaction with George W. Ramsower, deceased.

Pieper's title to the property is predicated upon an asserted verbal gift to him by George W. Ramsower. Mrs. Pieper's disqualification as a witness is predicated upon two grounds: (1) That the asserted gift was a joint one to husband and wife; and (2) that the suit was to recover, in the alternative, the value of the property, which recovery would have constituted a community debt.

We sustain both of these contentions. The property consisted of livestock, farming implements, household furniture, an automobile, and a rifle. Mrs. Pieper quotes

deceased, in making the gift, as follows: "You and your wife have taken care of me and I think a lot of you and your wife and children, and I want you to have everything that I have got because you are the only ones that have done anything for me."

■ We hold this testimony to import a joint gift to husband and wife, the effect of which would be to vest in each an undivided one-half interest in the property. Dunham v. Chatham, 21 Tex. 231, 73 Am.Dec. 228; Bradley v. Love, 60 Tex. 472; Rogan v. Williams, 63 Tex. 123; Summerville v. King, 98 Tex. 332, 83 S. W. 680; 31 C.J. p. 28, § 1111; 23 Tex.Jur. p. 68, § 48.

■ The second point is sustained upon the authority of Paddock v. Lewis, 13 Tex.Civ.App. 265, 35 S.W. 320.

R.S., art. 2433, provides: "Where the judgment is for the recovery of specific articles, their value shall be separately assessed, and the judgment shall be that the plaintiff recover such specific articles, if they can be found, and if not, then their value as assessed, with interest thereon at the rate of six per cent from the date of judgment."

See, also, Nolan v. Sevine, 36 Tex.Civ. App. 489, 81 S.W. 990.

The judgment in awarding the two articles to appellant is affirmed; in all other respects it is reversed and the cause remanded.

Affirmed in part, and in part reversed and remanded.