**LONE STAR MINING COMPANY, Inc., et al., Appellants,**

**v.**

**TEXERAMICS, INC., Appellee.**

No. 3755.

Court of Civil Appeals of Texas. Eastland.

Dec. 14, 1962.

Rehearing Denied Jan. 25, 1963.

Simon & Simon, Ft. Worth, Earl Conner, Jr., Eastland, for appellants.

Senator Thomas Creighton, Mineral Wells, Turner & Seaberry, Eastland, for appellee.

WALTER, Justice.

Texeramics filed suit against Lone Star Mining Company and Horace H. Porter for conversion of a stockpile of clay and for an injunction. The trial court granted a temporary injunction. Lone Star and Porter filed a supersedeas bond and appealed from such judgment. The judgment was affirmed. See Tex.Civ.App., 340 S.W.2d 871. In its amended petition Texeramics abandoned its suit for an injunction and asked for damages for conversion. Lone Star and Porter moved to abate and dismiss the suit for conversion, contending that Texeramics could not pursue an inconsistent remedy. The court overruled appellants' plea and, based upon the verdict, rendered judgment for Texeramics against Lone Star and Porter for $6,750.00.

Lone Star and Porter have appealed, contending the court erred in rendering such judgment because (1) there was no evidence that Texeramics had any right, title or interest to the clay (2) Texeramics' verbal license or option to purchase clay from the Gallaghers was unenforceable under the provisions of Article 3995, Revised Civil Statutes of Texas (3) Texeramics having made an election to recover the clay in kind, it could not thereafter pursue the inconsistent remedy of conversion (4) there was no evidence to support the award of interest from the date of the alleged conversion and (5) there was no evidence that Porter, as an individual, converted the clay because he acted as President of the corporation and not in his individual capacity.

Lone Star and Porter contend that by proceeding to a final judgment on a temporary injunction, Texeramics has made an election. One of the cases they rely on is National Surety Company v. Odle, 40 S.W. 2d 876, by the Waco Court of Civil Appeals (no writ history). In that case the plaintiff had sued in the Justice Court to recover one bale of cotton. Plaintiff recovered judgment for the bale of cotton. In the trial in the County Court on appeal, plaintiff was awarded judgment against the defendant for $101.69 with interest for conversion. The Court of Civil Appeals reformed the judgment by allowing the plaintiff a recovery of the bale of cotton but held that the plaintiff had two remedies, one for recovery of the cotton and the other for conversion. "Such remedies were inconsistent, and the assertion of one was necessarily a waiver of the other, except in the alternative that the remedy first sought had proved unavailable." It further held that the plaintiff should not have been permitted to abandon his demand for recovery of the specific property and recover the value thereof in the County Court.

Texeramics contends that in its original petition it properly sought an injunction and, in the alternative, damages for conversion. It further contends that when its temporary injunction was superseded it was deprived of its clay, which was tantamount to no relief.

The evidence discloses that Texeramics entered into an oral agreement with Mrs. Peggy Gallagher to mine and recover clay from her property in 1954; under that agreement Texeramics paid Mrs. Gallagher 20¢ per cubic yard for the first 100 yards, with a minimum guarantee of 100 cubic yards during any calendar month and 10¢ per cubic yard for all clay in excess of 100 cubic yards; that Texeramics had removed from its original state and stockpiled the clay in controversy on the Gallagher land; that on September 12, 1960, Mrs. Gallagher wrote Texeramics as follows:

"Mr. H. H. Porter of Lone Star Mining Company, P. O. Box 7292, Fort Worth, Texas, has leased from me all rights to mine clay from my land East of Cisco.

"And he has requested that I notify you that you may look to him concerning your further purchases."

■ We have concluded that National Surety Company v. Odle, Tex.Civ.App., 40 S.W.2d 876, is not controlling. Rule 48, T.R.C.P., became effective subsequent to the decision in the Odle case. It provides in part "A party may also state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or both." Texeramics did not receive the benefits it sought because appellants superseded the judgment in the temporary injunction case. It received no benefit from the temporary injunction and appellants suffered no loss. Mr. Porter testified that he was not interested in the clay and would not use it in his operations. The jury found that plaintiff could not have economically reproduced or replaced the clay in controversy. Our Supreme Court in Liberty Mutual Insurance Company v. First National Bank in Dallas, 151 Tex. 12, 245 S.W.2d 237, at page 242, said:

"It has been said that the doctrine of election of remedies is not a favorite of equity and that its scope should not be extended. Slay et al. v. Burnett Trust et al., 143 Tex. 621, 187 S.W.2d 377, 393."

In Commercial Music Company v. Daniel A. Klag, Tex.Civ.App., 288 S.W.2d 168, at page 170, the court said:

"As to just what time the election of remedies would be required was more or less a matter addressed to the discretion of the trial judge and no abuse of that discretion is shown. Appellant has not shown that it was materially injured by the trial court's requiring the appellee to make an election of remedies after the verdict was in rather than before the cause was submitted to the jury. Wood v. Williams, Tex.Civ. App., 46 S.W.2d 332; Rule 434, Texas Rules of Civil Procedure."

Appellants' points concerning inconsistent remedies are overruled.

■■ Texeramics had been mining clay from the Gallagher properties since 1954. The jury found that Texeramics had stockpiled 1,000 cubic yards of blended clay at the time Mrs. Gallagher leased to Lone Star. Lone Star asserts in one of its points that Texeramics did not own this clay and had no right to its possession. At the time Lone Star leased the property it was charged with notice of the rights of those in possession. The clay had been mined and removed from its original place and stockpiled. In such condition it became personal property. Title thereto vested in Texeramics, subject to the payment of royalty. 58 C.J.S. Mines and Minerals § 177, page 379; 29 Tex.Jur. 671. Texeramics derived title to the clay under its oral agreement with Mrs. Gallagher. It was not necessary for such agreement to have been in writing. The jury answered "No" to the following issue: "Do you find from a preponderance of the evidence that the Defendant, Lone Star Mining Company, acquired its lease on the Gallagher land on September 12, 1960, in good faith and for a valuable consideration and without notice of any kind of prior rights of the plaintiff to any clay in, on or about such premises?"

■ Interests on the value of the clay was recoverable from the date of conversion to the time of the trial, 42 Tex.Jur. 581.

■ Porter testified that he was president of Lone Star and that he, his former wife, and his attorney were its only stockholders. He testified that the gate, the lock and the "keep out" signs were put up on the property under his instruction. Having participated in the conversion, Porter is individually liable with his corporation. Bower v. Yellow Cab Co., Tex.Civ.App., 13 S.W.2d 708, (Writ Ref.).

We have examined all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.