**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Plaintiff-Appellee,**

v.

**William R. KOEHLER, Defendant-Appellant.**

No. 28216.

United States Court of Appeals, Fifth Circuit.

May 19, 1970.

Norton Baker, Broadus A. Spivey, Lubbock, Tex., for defendant-appellant.

Tom S. Milam, J. Orville Smith, Lubbock, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM.

William R. Koehler appeals from a judgment in favor of the Fidelity & Deposit Company of Maryland on the sole ground that there had been a prior election of remedies which barred the judgment in this case. Finding this appeal totally devoid of any merit, we affirm.

The relevant facts in this case are not disputed. Koehler embezzled 605,607 dollars from the Citizens State Bank of Dalhart, Texas, at a time when the bank was insured against such losses by F & D. Pursuant to the provisions of its banker's blanket bond F & D compensated the bank for all losses and is now subrogated, to the extent of its payments, to the rights of the bank. On advice of counsel, Koehler and his wife executed a trust whereby substantially all of their property was conveyed to two independent trustees for the benefit of F & D. All the property conveyed to the trust had been purchased, in whole or in part, with embezzled funds. The amount paid by the trustees to F & D totals $1,192.28.

Koehler claims that the trust agreement constituted an election of remedies and that F & D is now estopped from recovering a judgment under its subrogation rights for the amount which Koehler owes the bank. In the alternative, Koehler asserts the corollary that the judgment in this case is an election of remedies and that F & D cannot claim any further interest in the properties constituting the corpus of the trust.

■■ The underlying premise from which this decision is reasoned is the well-settled principle of Texas law that the doctrine of election of remedies is a disfavored child of equity whose utility is now largely obsolete. Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377 (1945); A. E. Swift & Sons, Concrete Contractors, Inc. v. Sam Sanders, Inc., 405 S.W.2d 402 (Tex.Civ.App.1966). The historical rationale for the doctrine in Texas appears to be that double recoveries for a single injury cannot be allowed. Slay v. Burnett Trust, supra. For example, in National Surety Co. v. Odle, 40 S.W.2d 876 (Tex.Civ.App.1931), relied on by Koehler, the plaintiff was allowed to recover in full his property that was wrongfully in the possession of the defendant. When he was later awarded a judgment for the full value of the property, the appellate court, to prevent an obvious double recovery, reversed. In the instant case, there is no showing whatever of even the remotest possibility of a double recovery. The

trial judge gave Koehler a full offset of money already recovered by F & D against the total judgment awarded. Any further money recovered from the trust should be similarly treated. At oral argument, which was waived by Koehler, counsel for F & D assured the Court that all it sought was to be made whole. It is entitled to neither more nor less than that relief.

Affirmed.