## W. W. OXSHEER v. A. H. TANDY ET AL.

### No. 1948.

**1.  Chattel Mortgage—Registration—Proper County.**

Under the chattel mortgage statute (R. S. of 1895, art. 3328), where a chattel mortgagor is a resident of this State, the registry in the county of his residence of a chattel mortgage executed upon property then situated in another county, the possession of such property remaining unchanged, is constructive notice to all persons dealing with the property, although the mortgage be not recorded in such other county.

**2.  Same—Foreclosure Sale—Subsequent Parties.**

A sale by the trustee in a chattel mortgage under the authority conferred by it bars the owner's equity of redemption and the rights of persons claiming under him by virtue of a judgment and execution subsequent to the mortgage, and it is not requisite that there should be a judicial foreclosure of the mortgage, and that such persons should be made parties thereto.

APPEAL from Haskell. Tried below before the Hon. C. P. WOODRUFF.

*Harris & Saunders* and *H. G. McConnell,* for appellant.

*Baldwin & Lomax,* for appellees.

TARLTON, CHIEF JUSTICE.—On December 26, 1893, the appellant, as plaintiff, brought this suit against the appellees, A. H. Tandy and J. L. Baldwin, as defendants, to recover the sum of $3000 as damages for the conversion of certain described horses. An agreement of the parties furnishes us with the following conclusions of fact:

March 23, 1892, the First National Bank of Haskell, Texas, recovered a judgment in the District Court of Haskell County, Texas, against F. G. Oxsheer and John T. Beall, for the sum of $1569.96, with interest at twelve per cent per annum from that date. On May 27, 1892, an alias execution was issued on this judgment, which on June 1, 1892, was levied by the sheriff of Haskell County upon the horses in controversy. These were then, and had been since the year 1884, in Haskell County, Texas. On June 11, 1892, the property was duly and legally sold under execution to the defendant J. L. Baldwin, who paid $260 therefor. He afterwards sold the horses to the defendant A. H. Tandy for $500. The horses were levied upon and sold as the property of F. G. Oxsheer. The levy was a range levy on all the horses branded F2. This brand was then and had been since the early part of 1885 recorded in the records of brands in Haskell County, Texas, in the name of F. G. Oxsheer and as his brand for horses. The brand was sent to Haskell County by F. G. Oxsheer in 1884, and the horses levied upon in said brand and in controversy in this suit were the remnant of that brand of horses. They had been in Haskell County from the time they were sent there by F. G. Oxsheer up to the time of the levy, and they had been in the exclusive possession and control of F. G. Oxsheer during this entire period. The judgment and other proceedings referred to were legal and regular.

On January 6, 1892, F. G. Oxsheer made and executed a mortgage on the property in controversy, as well as on a large amount of other property, to one Scott Fields, trustee for J. H. Drennan, to secure the latter in the payment of large sums of money. This mortgage was duly registered in Mitchell County, Texas, on January 28, 1892, with the county clerk of that county. F. G. Oxsheer, at the time of the execution and registration of the mortgage, and for a few years prior thereto, resided in Mitchell County, Texas, and has since continuously resided there. After the execution of the mortgage, the stock of horses in controversy, by and with the consent of the mortgagee and trustee in the mortgage, remained in the possession of F. G. Oxsheer in Haskell County, up to the date of the levy by the sheriff of that county. On January 31, 1893, Scott Fields, the trustee in the mortgage, in due, legal and regular form, sold the property, under the terms of the incumbrance, to the plaintiff W. W. Oxsheer, who paid a bona fide and valuable consideration for the horses. The mortgage was not registered in Haskell County, Texas, and the defendants had no notice whatever thereof, or of any adverse claim to the property at the time they bought it, or at any time prior thereto, unless they were by law charged with constructive notice by reason of the registration of the instrument in Mitchell County, Texas.

*Opinion.*—Upon the foregoing facts the court instructed the jury, in effect, to return a verdict for the defendants, unless they should believe that at the time of the execution sale the mortgage in question had been registered in Haskell County, or unless they should believe that the defendants had actual notice thereof. The sole question for

our consideration is the correctness of the court's action in the respect indicated; or, in other words, whether the registry of the instrument in Mitchell County should operate as constructive notice upon the appellees, claiming under the judgment and execution against F. G. Oxsheer.

Our Revised Statutes, article 3190 b, provides, that "Every chattel mortgage, deed of trust or other instrument of writing intended to operate as a mortgage of, or lien upon personal property which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers and mortgagees or lienholders in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with, and filed in, the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then of the county of which he shall at the time be a resident."

Answering the question submitted to us in the light of the language of this statute, we conclude that the court erred in the requirements placed by it upon the plaintiff. As F. G. Oxsheer was a resident of Mitchell County at the time of the execution and registration of the mortgage, we hold, under the plain and unambiguous language of the statute, that the registry in that county sufficed to give notice to all persons dealing with the property covered by the mortgage. In our opinion, the language will admit of no other construction, and we find no statute or authority which would bring this case within any exception to the rule so clearly announced by the terms of this article.

The authorities cited by appellees do not bear upon the question here considered. Article 4556, which requires owners of stock to have marks and brands recorded in the county where such stock may be, does not refer expressly or inferentially to the place for the proper registry of chattel mortgages. It may be freely conceded that the object of that article is to provide constructive notice of the ownership of the animals referred to by it. It is not to be denied that, even after the registry of the chattel mortgage in Mitchell County, the ownership of the property in controversy was yet in the mortgagor, F. G. Oxsheer. This, however, is not a question of ownership, but of incumbrance. The title, subject to the mortgage, remained after the execution of the latter in the mortgagor.

The case of Black v. Vaughan, 70 Texas, 47, refers to the sale of animals as they run in the range, and not to the registry of a chattel mortgage, nor are the terms of article 4341, Revised Statutes, or of the case of Reed v. Spikes, 15 S. W. Rep., 122, construing that article, pertinent here. These refer to a state of facts in which it is made to appear that the mortgaged property has, by the consent of the mortgagee, been removed, subsequent to the execution of the mortgage, from the county in which it was recorded to another county. In this case the property

was and had been in Haskell County for several years previous to the registry of the mortgage in Mitchell County, where the mortgagor resided and continued to reside. There is no question of removal.

The case of Vickers v. Carnahan, 4 Texas Civ. App., 305, does not sustain appellees' contention. On the contrary, it is there held that the proper place for the registry of the chattel mortgage is in the office of the county clerk of the county in which the mortgagor was at the time of the registration a resident.

We find no merit in the proposition, seemingly advanced by appellees, that an action for conversion would not lie in favor of appellant, W. W. Oxsheer, because appellees, who purchased at the execution sale, were not parties to the foreclosure of the mortgage. The sale under which the appellant, W. W. Oxsheer, claims was in pursuance of the power of foreclosure provided in the mortgage itself. No judicial proceeding was required, and a sale conducted as prescribed by the instrument had the effect to bar the equity of F. G. Oxsheer's redemption, and that of the appellees claiming under him by virtue of their judgment and execution. At the time of the foreclosure, nothing had occurred to revoke the power of sale vested in the trustee. Buchanan v. Moore, 22 Texas, 543.

The record is not in such condition as to enable us to render the judgment, which is, accordingly, reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 30, 1895.