## BLOCK MOTOR CO. v. MELIA et al.*
### (No. 763.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 24, 1923. Rehearing Denied Feb. 7, 1923.)

**1. Chattel mortgages ☞26 — Provision for sale without notice is valid.**

A chattel mortgage, authorizing a mortgagee to seize and sell the chattel at private sale and without notice, is valid, so that the court's ruling that such a sale was not as a matter of law a foreclosure of the lien was erroneous.

**2. Chattel mortgages ☞176(6)—Evidence held not to show conclusively sale was not foreclosure.**

In a suit to recover for the conversion of a motor truck mortgaged to defendant, evidence of defendant's efforts to locate the mortgagor after default in the payment of the notes and of delay in making a sale held not to sustain the trial court's ruling that, as a matter of law, there was no foreclosure of the mortgage lien.

**3. Chattel mortgages ☞176(6)—Evidence held to raise jury question as to whether sale by mortgagee was conversion.**

In a suit for conversion of a mortgaged chattel, evidence that the mortgagee, after taking possession of the chattel under the mortgage, held it for some time before making the sale, during which it made alterations and costly improvements thereon, and that after the sale no accounting was made to the mortgagor of the proceeds which exceeded the debt, held to raise a question for the jury as to whether the sale was a foreclosure of the lien or a conversion of the truck.

**4. Chattel mortgages ☞169—Mortgagee must not exceed authority given him.**

In seizing and selling mortgaged chattels under a power of sale, a mortgagee must not exceed the authority given, since in a sense he is a trustee for the mortgagor, and, if he deals with the property as his own and sells it as his own, he is guilty of a conversion.

**5. Chattel mortgages ☞266—Attorney's fee in addition to 10 per cent. provided for cannot be recovered.**

Where the notes secured by a chattel mortgage provided for an attorney's fee of 10 per cent., but authorized no other attorney's fee, the mortgagee is not entitled to charge against the proceeds of sale the fee of an attorney for advice as to the mortgagee's right to take the property.

**6. Chattel mortgages ☞265—Mortgagor cannot be charged with expense of alterations before sale.**

A mortgagor of a motor truck cannot be charged with the expense of alterations and improvements on the truck, made by the mortgagee after taking possession under the mortgage, and without the consent of the mortgagor, which were not necessary to place it in a merchantable condition.

**7. Trover and conversion ☞40(6)—Evidence held insufficient to raise issue as to value of use of truck.**

In a suit for conversion of a motor truck, testimony by a witness as to what he could make per day in operating the truck and by the owner as to value per day of its use, including his own time in using it, is insufficient to furnish a basis for a finding as to the value of the use of the truck.

**8. Trial ☞350(3)—Value of use must be found for entire period.**

A special issue as to the value of the use of converted automobile per day is not an issue as to an ultimate fact, since the market value of the use must be based on its value for the entire period of time involved, and not upon its use value per day, multiplied by the number of days.

**9. Trover and conversion ☞54—Recovery for use value proper.**

Where interest on the value of a converted chattel is insufficient to compensate for the loss of the use of the chattel, a special allowance may be made to the owner for the value of the use during the period of the con-

---

version, but in such case there must also be deducted, from the value of the chattel at the time of the conversion, the depreciation during that period.

.Appeal from District Court, Orange County; V. H. Stark, Judge.

Action by Frank Melia against the Block Motor Company and another, to recover damages for the conversion of a truck. Judgment for plaintiff against the named defendant, and that defendant appeals. Reversed and remanded.

Holland & Holland, of Orange, for appellant.

Adams & Bruce, of Orange, and A. D. Lipscomb, of Beaumont, for appellees.

WALKER, J. This suit was instituted by appellee, Frank Melia, against the Block Motor Company, appellant, and C. C. Franklin, to recover damages for the conversion of a Dodge truck. His prayer was for—

"judgment against defendants for title and possession of said personal property, and for writ of possession, for his damages, both general and special, for the deterioration and use of said property, for costs of suit and interest; and in the alternative for his damages, for conversion of said property, for interest and costs. Plaintiff further prays for such other and further relief, both general and special, in law and in equity, that plaintiff may be entitled to receive."

Appellant, Block Motor Company, answered: That it had sold the truck to appellee on the 27th day of April, 1920, for $1,293. That $450 was paid on the truck at the time of the sale.. That the balance of the purchase price was evidenced by 12 promissory notes, each in the sum of $72.25, of date the 27th day of April, 1920, with interest at 10 per cent. per annum from date until paid, and the usual 10 per cent. attorney's fees clause. That said notes were secured by a chattel mortgage containing the following provision:

"In the event default is made in the payment of any one or more of said notes, or any installment of interest due on said note, or any or either of them, the Block Motor Company shall have the right to foreclose this lien as to the whole indebtedness evidenced by the notes above described remaining unpaid, and shall have the right to take possession of said property, with or without legal process, and may proceed to sell same at public or private sale, as to them may seem best, and shall apply the proceeds of such sale as follows: (1) To the payment of the costs of such sale; (2) to the past-due interest and attorney's fees due on said indebtedness; (3) to the said indebtedness, rendering the balance, if any, to me (us) the said Frank Melia, or to my (our) legal representatives. And whereas it is contemplated that the said Frank Melia may hereafter become further indebted unto the said Block Motor Company which said indebtedness now accrued or to accrue in future, it is agreed shall be payable at Orange, Tex., and shall bear in-

terest at the rate of 10 per cent. per annum from date until paid by whatever means the same shall accrue, and this conveyance is made for the security and enforcement of the payment of said present and future indebtedness. In the event of a private sale of the mortgaged property, it shall not be necessary to give notice of such sale, but in case the property should be sold at public sale, five days' written notice of such sale shall be sufficient, such notice to be posted in three public places in Orange county, Tex., one of which shall be at the courthouse door of said county, and a notice of such sale shall be mailed to the party, or parties, executing this mortgage, at his, or their, last-known postoffice address. The holder of the notes secured by this mortgage is authorized to buy the property when same is offered for sale at either public or private sale, being the highest bidder therefor." .

That appellee paid four of said notes, but made default in the payment of the remaining notes. That under the provisions of the notes, appellant matured all unpaid notes. That, after doing so, it seized the truck and sold it under the provisions of the mortgage. That the truck sold for less than the amount of the notes and costs of sale.

As no judgment was entered against defendant Franklin and no complaint made of such judgment, it is not necessary to refer to his answer.

On a trial to a jury, the court held:

"As matter of law that there was no foreclosure of the lien and that the defendant Block Motor Company had wrongfully converted the car and sold it for its own benefit; and the court's charge submitted only special issues as to the value of the property at the time of taking and time of trial and the value of the use."

On the theory of conversion, the following special issues were submitted to the jury, and were answered as indicated, to wit:

(1) "What was the value of the car in question on January the 20th, 1921?" Answer: "$1,035."

(2) "What is the value now of the car in question?" Answer: "$600."

(3) "What is the value of the use per day of the car in question since January 20, 1921?" Answer: "$4.75."

The evidence sustained the allegations of appellant as to the sale by it to appellee of the truck, the amount of the purchase price, the payment made thereon at the time of the sale, the purchase-money notes, the execution of the mortgage, and the terms of the mortgage, the payment of the first four notes, the default by appellee, the exercise of the option to mature the notes, the seizure of the truck, which was on or about the 15th day of November, 1920, and its sale by appellant on or about the 20th day of January, 1921, for $900.

The following issues are presented on this appeal:

[1] 1. The trial court erred in his construction of the mortgage. The provisions of the mortgage authorizing appellant to seize and sell the truck at private sale and without notice are not violative of any statute of this state, nor against the public policy of this state, as expressed in the decisions of our courts. It is said in 11 C. J. 706:

"The mortgage itself may dispense with notice, as where it provides that the mortgagee may sell at private sale."

The rule is announced as follows, in Jones on Chattel Mortgages (5th Ed.) § 792:

"If a power of sale does not require the giving of any notice of the sale, the mortgagee can make a valid sale either at public or private sale, and need not give any notice of it unless he choose so to do. But nevertheless the sale, to be binding, must be a fair one."

The following authorities from this state tend to support this rule: Oxsheer v. Tandy, (Tex. Civ. App.) 32 S. W. 372; Hughes v. Smith, 61 Tex. Civ. App. 443, 129 S. W. 1142; Wedig v. S. A. Brewing Ass'n, 25 Tex. Civ. App. 158, 60 S. W. 567. See, also, 27 Cyc. 1466, § E, 1478, § B, and 1449, § A.

[2] 2. After appellee made default, appellant made every reasonable effort to locate him, but was not able to do so. Appellee had left Orange, his home, leaving this truck in the possession of his divorced wife. Repeated demands were made on her to pay the note. Appellant delayed from the 27th of August, 1920, the time of the default, until the 15th day of November, 1920, to seize the truck. Appellant consulted an attorney, and acted under his advice in seizing the truck. After seizing it, appellant held it until about the 20th day of January, 1921, when it was sold to defendant Franklin. Appellant's testimony was to the effect that it seized the car and sold it under the power of sale given in the mortgage. There was no intimation that the sale was fraudulently made, nor that the truck did not bring a reasonable price. We think that the court erred in holding as a matter of law "that there was no foreclosure of the lien."

[3, 4] 3. We cannot say that it appears as a matter of law that the sale was made under authority of the mortgage. Mr. L. T. Grubbs testified that, at the request of Mrs. Melia, he offered to pay the past-due notes, and appellant refused to let him do so. This was some weeks before the truck was seized. Mrs. Melia testified that when the agents of appellant called on her for the truck they spoke of it as belonging to appellant. After taking possession of the truck, appellant held it for more than two months before making the sale. During this time, without any authority from appellee given by the mortgage or otherwise or from his agent, alterations and costly improvements were made on the truck. After the sale, no accounting was made to appellee, but appellant appropriated to its own use all the proceeds of the sale, which, in fact, exceeded its debt. In seizing and selling chattels under a power of sale, the mortgagee must not exceed the authority given. In a sense, he is a trustee for the mortgagor, and his duties are those of a trustee. He cannot claim the property as his own and sell it for his own benefit, and then defend under the power of sale given in the mortgage. If he deals with the property as his own and sells it as his own, he is guilty of a conversion. We believe the testimony in this case raises that issue as one of fact for the jury.

[5, 6] 4. The court did not err in excluding appellant's testimony as to the cost of the alterations and improvements made on the truck, the attorney's fees incurred by it, and other items of expense charged against the sale price of the truck. The notes provided for 10 per cent. attorney's fees. As they were placed in the hands of an attorney for collection, appellant was entitled to recover the attorney's fees thus stipulated for. There was no provision in the mortgage for an additional attorney's fee for advising appellee as to its rights under the power of sale, such as was pleaded herein. There was no provision in the mortgage authorizing appellant to alter the truck or make improvements or repairs thereon. There was no showing that the truck was not in a merchantable condition when seized. The cost of the work done on the truck by appellant, on the showing made by this record, was purely a voluntary expenditure, and not chargeable against appellee. The other items of expense pleaded and claimed had nothing to do with the sale of the truck.

[7] 5. On the theory of a conversion, the evidence in this case was insufficient to raise the issue of the market value of the use of the truck from the time it was seized until the date of judgment. One witness testified what he could make per day in operating the truck. Appellee testified as to the value per day of the use of the truck, "including my own time in using it." The facts so testified to could not constitute the basis for an answer to the third question, "What is the value of the use per day of the car in question since January 20, 1921?"

[8] 6. The answer to question No. 3 was not on an ultimate issue. In Vaughan v. Charpiot (Tex. Civ. App.) 213 S. W. 950, this court said:

"It is not proper to estimate the value of the use of a team and wagon for a period of 17 months, by proof of the value of its use by the day."

In addition to the authorities cited in that case, see Montgomery v. Gallas (Tex. Civ. App.) 225 S. W. 562. The market value of the use of the truck must be based on its value for the entire period of time involved

and not on its use per day, multiplied by the number of days.

[9] 7. On the theory of a conversion, the ordinary rule is to allow recovery for the value of the thing converted, with interest, but when, as in this case, it is shown that interest will not fully compensate the injured party, he is allowed recovery for its use in lieu of interest. Moore v. King, 4 Tex. Civ. App. 397, 23 S. W. 485. But "compensation is the limit of recovery." Montgomery v. Gallas, supra. The basis of appellee's recovery is the value of the truck on the date converted, should the issue of conversion be determined in his favor. In addition thereto, he is entitled to recover the reasonable market value of its use for the purpose for which it was being used when converted or actually used by the wrongdoer. As appellee must be given a recovery for the value of his truck—on the issue of conversion —the issue of the reasonable value of its use should be so framed as to exclude the depreciation incident to its use. He is entitled to recover the value of the truck, together with the value of its use, but not the value of the truck and the depreciation and the use.

For the reasons above given, the judgment of the trial court is reversed, and this cause remanded for a new trial.

Reversed and remanded.