## FIDELITY UNION FIRE INS. CO. v. BALLEW–SATTERFIELD CO. (No. 3050.)

Court of Civil Appeals of Texas. Amarillo.
Oct. 3, 1928.

Rehearing Denied Oct. 31, 1928.

Collins & Houston, of Dallas, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

HALL, C. J. The appellee brought this suit against the appellant insurance company to recover the sum of $1,750, alleged to be the market value of a certain automobile which was stolen from its possession on the 6th day of July, 1927, claiming the right to recover under the terms of a policy of insurance issued by the appellant company covering all loss by theft. The policy was issued about the 1st day of January, 1927, and by its terms insured appellee for a period of one year against loss by theft.

It is alleged that the automobile was stolen and at the time was of the reasonable market value of $1,750, which had not been paid. A copy of the policy of insurance was attached to and made a part of the petition.

The insurance company answered by general demurrer, general denial, and specially alleged that the automobile in question was sold by the plaintiff to one Barber, who executed, as security for a part of the purchase money, a mortgage on the automobile, and the purchaser, under the terms of the sale and mortgage, was in possession and entitled to the possession thereof; that plaintiff unlawfully took possession of the automobile and was holding the same without a foreclosure of its mortgage or without doing anything to entitle it to possession thereof, and that Barber, seeing his car standing on the streets of Amarillo, took possession thereof and has ever since had possession; that plaintiff was not lawfully in possession of the automobile and had no right thereto when the same was repossessed by the purchaser, Barber, who was the owner of said car, subject only to the mortgage; that under the terms and provisions of the policy, plaintiff cannot recover for the act of Barber in repossessing himself of said property; that subsection C under section 3 of the rider of said policy reads as follows:

"Theft, robbery or pilfering (if this policy covers those perils) of any property stored or displayed in any open lot or unroofed space, or in any building not securely enclosed and locked

when unattended, but this provision shall not affect property temporarily outside buildings while being transported or moved in the ordinary course of business."

It is alleged that this portion of the policy is under exclusion of coverage in said policy and by its terms plaintiff is not entitled to recover because the property was taken when unattended and was on a public street of Amarillo and was not securely inclosed and locked, and it is not shown that same was taken while being transported or moved in the ordinary course of business and while only temporarily outside of a building.

The appellant further alleged that it was not liable under the terms of its policy under section (c), which is as follows:

"Theft, robbery or pilferage, except by a person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occur during hours of service or employment or. not, and excepting also the wrongful conversion, embezzlement or secretion of a mortgagor or vendee in possession under a mortgage, conditional sale or lease agreement, and excepting in any case other than in the case of theft of the entire automobile described herein, the theft, robbery or pilferage of tools and repairs, equipment, motor meter, extra tires, and or tubes, and or rims, and or wheels and or extra or ornamental fittings."

The appellant also pleaded the following provision of the policy in bar of plaintiff's right to recover:

"This entire policy shall be void unless otherwise provided by agreement in writing hereto:

"(a) If the interest of the assured in the subject of this insurance be or become other than unconditional and sole ownership; or in case of transfer or termination of the interest of the assured other than by death of the assured, or in case of any change in the nature of the insurable interest of the assured in the property described herein, whether by sale or otherwise; or,

"(b) If this policy or any part thereof shall be assigned or any part thereof shall be assigned before loss."

It is then alleged that the plaintiff was not entitled to recover by reason of the fact that it was not the owner of said automobile, but that Barber was the owner thereof at the time of the alleged theft, subject only to a mortgage given thereon by Barber to secure a debt owing by him to said plaintiff, and by the terms of said policy plaintiff, not being the sole owner, could not recover under the policy.

Upon the trial, it was shown by testimony that Barber purchased the automobile and executed certain notes secured by a mortgage to the Automobile Finance Company of Galveston, Tex.; that the plaintiff indorsed and guaranteed the payment of said notes to said finance company; that thereafter Barber defaulted in the payment of some of the notes,

and the finance company, through its agent, took possession of the car and through another agent sold it, by private sale, to the plaintiff, for the amount of the notes, interest, and charges due on the car up to that date, and that plaintiff took possession of said car at the time of said sale; that after taking possession, plaintiff reconditioned the car by working it over and put on new tires and had possession until about the 25th day of July, when one of their agents drove the car to the Palo Duro Hotel and left it there temporarily while he went into the hotel to get a prospective purchaser for the car, and while said agent was away from the car temporarily it was stolen, the circumstances tending to show that Barber took possession of it and drove it off; that Barber has never been heard from since, and the car has never been recovered. It was shown that plaintiff never held any mortgage on the car and never had possession of it until after they purchased it from the Automobile Finance Company.

The case was submitted to the court without a jury and resulted in a judgment in favor of appellee for the sum of $1,750, from which judgment this appeal is prosecuted.

The case is before us upon several propositions, which it will not be necessary to consider in detail. Some of them are abstract principles of law, and others are based upon what appellant asserts is uncontradicted evidence. The propositions of law, if admitted to be correct, are not applicable to the facts, and we are not prepared to agree to the contention that the evidence is uncontradicted upon the questions urged.

The chattel mortgage which Barber executed authorized the mortgagee in case of default to repossess the car and sell it at public or private sale. The court's findings incorporated in the judgment are to the effect that the sale was privately made in accordance with the terms of the mortgage. The evidence sustains this finding, and the legal effect of the sale was to vest appellee with the sole and unconditional title to the property.

■■ The appellant contends that because a bill of sale was not executed by the finance company to the appellee until several days after the property had been stolen, appellee was not the sole and unconditional owner at that time. This contention is not sound. The bill of sale was only one evidence of title. A valid title could be conveyed under a parol sale, and especially when accompanied by a transfer of possession. Except in cases of sales of live stock running on the range, it has always been the rule in this state that a bill of sale of chattels is not necessary in order to invest title in the purchaser, although the seller agreed to give a bill of sale. McKinney v. Fort, 10 Tex. 220; Wells v. Littlefield, 59 Tex. 556.

■ Under the power of sale in the mortgage, the finance company had the right to take possession of the car and sell it without

notice to Barber for the purpose of paying the indebtedness against the car, and such a sale vests title in the purchaser. Block Motor Co. v. Melia (Tex. Civ. App.) 247 S. W. 666; Oxsheer v. Tandy, 11 Tex. Civ. App. 142, 32 S. W. 372; Singer Sewing Machine Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901; Jesse French Piano Co. v. Elliott (Tex. Civ. App.) 166 S. W. 29; State Exchange Bank v. Smith (Tex. Civ. App.) 166 S. W. 666.

The fact that the car was stolen by Barber or some one else while left standing in front of the Palo Duro Hotel, where it had been driven for the purpose of effecting a sale, does not relieve the defendant of liability. The policy expressly states that—

"This provision shall not affect property temporarily outside of buildings while being transported or moved in the ordinary course of business."

The rule with reference to the construction of such provisions in dealers' open policies is well expressed in Hunter v. Royal Insurance Co., Limited, 209 App. Div. 15, 203 N. Y. S. 833, where it is held that the parties undoubtedly contemplated that the general practice of dealers in handling cars for sale would be observed and that such policy should be interpreted with fair consideration of the custom of dealers in their efforts to dispose of the property. This question has been discussed by Judge Dunklin, in Security Insurance Co. v. Sellers-Sammons-Signor Motor Co. (Tex. Civ. App.) 235 S. W. 617, in which a writ of error was refused, and in which it is held that under such a policy the insurance would continue in force until the property was delivered to a purchaser, and that the language used in such policies will be strictly construed against the company and liberally in favor of the insured, and that it must be construed according to the evident intent of the parties to be derived from the words used, the subject-matter to which they relate, and the matters naturally or usually incident thereto. To the same effect is National Surety Co. v. Silberberg Brothers (Tex. Civ. App.) 176 S. W. 97.

The appellant contends under proper assignment that the court erred in rendering judgment for $1,750, when the appellee had stated in the proof of loss an amount less than said sum. There is no element of estoppel pleaded or shown by the evidence, and the general rule is that in the absence of estoppel or fraud, the amount of the loss stated in the proof of loss is not conclusive against the assured. 33 C. J. p. 19; 5 Joyce on Insurance (2d Ed.) § 3319; 2 Biddle on Insurance, § 1012.

The evidence of Satterfield shows without contradiction that the fair cash market value of the car, at the time it was stolen, was $1,750, and the general rule is that in suits on insurance policies to recover for loss of automobiles by theft, the measure of damages is the reasonable cash value of the property immediately before or at the time it was taken. Finn v. Indemnity Co. of America (Mo. App.) 297 S. W. 175.

The appellee moved to dismiss the appeal because appellant's briefs were not filed strictly in accordance with the rules of court. This motion was filed prior to the summer vacation, and since appellee has had ample time in which to brief the case and has thoroughly briefed the questions urged, the motion will be overruled.

We find no reversible error in the record, and the judgment is affirmed.