## WOOD et al. v. WILLIAMS.
### No. 8719.

Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1932.

Rehearing Denied Feb. 17, 1932.

Davenport, West & Ransome, of Brownsville, and Griffin & Kimbrough, of McAllen, for appellants.

Strickland, Ewers & Wilkins, of Mission, for appellee.

SMITH, J.

Charles Williams, Jr., appellee, brought this action against appellant Conan T. Wood and others to rescind an executory contract for the purchase from them of a tract of land in Hidalgo county, or, in the alternative for damages, on the ground of fraudulent representations concerning the quality and value of the land. The trial resulted in judgment in favor of Williams for rescission, including reimbursement of purchase money paid by appellee and other funds expended by him

upon the land. Wood and his codefendants have appealed. The trial was marked by numerous errors, which were timely objected to by appellants upon the trial and properly presented in appellants' brief in this court. But we have reached the conclusion that all the errors complained of by appellants are technical, rather than material, and do not warrant reversal.

The jury found for appellee upon each of several distinct issues, any one of which was sufficient to support the judgment rendered. Those findings are not questioned by appellants in this appeal, nor is there any contention that the amount awarded appellee in effectuating the rescission is excessive.

■ Appellants' propositions 1, 2, 4, 14, and 15 relate to the refusal of the trial court to require appellee to elect between the remedies of rescission and damages, and to other alleged errors in overruling appellants' exceptions to the sufficiency of the allegations in the count for damages, and in submitting issues relating to that count. It is obvious that some of those rulings were erroneous, but as no judgment was rendered against appellants on the count for damages, and no complaint is made of the findings upon any issue, it does not appear that appellants were injured by those errors. In such case there is no cause for reversal.

In their fourth proposition appellants contend that the record shows appellee waived his right to rescission by word and act. We overrule this proposition upon the ground that the jury resolved this issue against appellants, upon sufficient evidence.

■ At both the opening and conclusion of the evidence appellants moved the court to require appellee to elect between his remedies of rescission and damages, but the motions were denied, and the case went to the jury upon both counts. Upon the jury findings the court rendered judgment for rescission, and disregarded the count for damages. Appellants urge this course as constituting reversible error. It is a remarkable fact that this question does not appear to have been the subject of direct or controlling decision in this state. Treating it as a case of first impression, we hold that the trial judge did not abuse his discretion when he declined to require appellee to elect between his remedies in this case. It is true, in a sense, that the remedies of rescission and damages are inconsistent, since one rests upon repudiation and the other upon affirmance of the contract between the parties. But the evidence upon the two theories is sometimes so closely related and commingled that it may be difficult if not impossible for the complaining party to determine which remedy is available to him. In such case it would seem that he is entitled to have the court or jury determine that very question for him, and for that purpose to hear all the testimony bearing upon the alternative remedies, and thereby reach the justice of the case. This theory was advanced by Chief Justice Conner of the Second District, in Roark v. Prideaux (Tex. Civ. App.) 284 S. W. 624, 629, affirmed (Tex. Com. App.) 291 S. W. 868, wherein he said that: "We think the plaintiffs were entitled under their pleadings to have all material facts relating to both remedies submitted to and determined by the jury, and upon the findings plaintiffs could then elect and press for judgment upon the theory of damages or rescission, as they should conclude was best supported by the pleadings."

That case is not directly decisive of the question presented here, for there the defendant did not demand that the plaintiff elect, as was done in this case. We are of the opinion that the refusal of the court to require appellee to elect did not constitute reversible error, and overrule appellants' fourth proposition.

Appellee defends the action of the court, in refusing to require appellee to elect, upon the theory, in effect, that his cause of action for damages was so poorly pleaded by him that it was not entitled to any consideration as a pleading, was subject to the general demurrer urged against it and overruled by the court, and could be properly ignored as a candidate in an election of remedies; that, therefore, there was only one cause of action before the court, and that for rescission, and no cause for damages existed to vex the court with the problem of election. This theory does not comport with the trial judge's apparent attitude, for, after overruling the demurrer thereto, he gave effect to the action for damages by submitting the issues thereof to the jury, finally ignoring or rejecting it by rendering judgment for rescission. It is not deemed necessary to pass on the merits of this contention.

■ Appellants' remaining propositions complain of the court's charge. For instance, complaint is directed at the action of the court in defining in his charge the term "fraud," whereas, that word does not otherwise appear in the charge. The definition was out of place, of course, but we do not think its use would warrant reversal of the judgment. It is conceivable that under some circumstances in some cases it might be prejudicial to one party or the other, but it was not objected to upon that ground or upon any ground other than the general one that it was "improper."

■ So do appellants complain that the court erred in failing to define the terms "material fact," and "fraudulent," as used in the charge. We do not think these omissions were material, or that they probably influenced the jury's findings, of which no complaint is made on this appeal.

334

For like reasons we overrule appellants' complaint of the action of the court in using in the charge "the term 'fraudulent' in the place of the term 'false.'" We conclude that the average juror would not be misled by this substitution of terms, or that he would analyze the terms used with the nice distinctions which appeal to legal minds.

Appellee alleged and the jury found, without complaint here, that appellants made numerous false representations concerning the qualities of the land, for the purpose of inducing appellee to purchase. Each such representation was made the subject of a separate special issue submitted to the jury, and in each of numerous instances the jury found that the representation was made and that it was false, whereupon this issue was submitted to them: "Did Plaintiff rely upon said representation, if any you have answered was in fact made, and was thereby induced to enter into the contract for the purchase of said land?"

Appellants' objection to this issue is that it combines two issues of fact, to wit: (1) Did appellee rely upon said representation? And (2) was he thereby induced to enter into the contract in question? Obviously, two distinct questions are combined in the one issue submitted. It is well settled that, ordinarily, the combination of two material issues in one requires reversal. But we are of the opinion that the combination here shown is not material to this appeal. It is perfectly obvious from the record here presented that the representations complained of were made to appellee for the purpose of inducing him to make the contract of purchase, and that, believing and relying upon those representations, as the jury found, he was thereby induced to make the purchase. In short, the undisputed testimony raises the conclusive presumption that appellee was moved to purchase by his reliance upon those representations, and appellants could not have been injured by the combination of the disputed issue with the undisputed one; the question of whether appellee relied upon the representation was the only controverted issue submitted. Ry. v. Blackstone (Tex. Civ. App.) 217 S. W. 208.

In submitting the issue of the alleged falsity of the representation made by appellants to appellee, the court used both the words "false" and "untrue," and appellants urge that this use of both words was error. We think this criticism is hypercritical and without substantial merit. The same may be said of the complaint that the court used both the terms "false" and "fraudulent," when either would have been sufficient. Nor is there any substantial merit in appellants' plea for reversal on the ground that the

court submitted the issue of deceit as to the land involved, "as a whole."

We have carefully considered all of appellants' propositions, and conclude they should be overruled. It is true that the case was somewhat loosely tried and presented to the jury. But in view of the fact that the findings of the jury stand unchallenged here, and in the absence of a contention that either of those findings was not fully supported by the evidence, or the amount awarded appellee is in any respect excessive, we conclude that the judgment should be affirmed, and it is so ordered.