**COMMERCIAL MUSIC COMPANY, Inc.,**
**Appellant,**

v.

**Daniel A. KLAG, Appellee.**

No. 12915.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 28, 1955.

Rehearing Denied Feb. 29, 1956.

Cox, Patterson & Freeland, McAllen, Biggers, Baker, Lloyd & Carver, Allan Griswood, Dallas, for appellant.

Magus F. Smith, McAllen, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Daniel A. Klag against Commercial Music Company, a corporation, seeking to recover the title and possession of six coin operated bowling machines, sometimes referred to as shuffle board machines, together with damages for the loss of use of the machines, and depre-

ciation .in value of the same, and in the alternative for damages caused by the conversion of the machines, together with interest.

The trial was to a jury and, in keeping with the answers of the jury to the special issues submitted; the trial court rendered judgment in favor of plaintiff and against defendant for the recovery of the title and possession of the six machines, and a money judgment in the sum of $5,355, with interest, from which judgment Commercial Music Company has prosecuted this appeal.

■ Appellant's first point is that the court erred in overruling its motion, made after all the evidence was in, to require the appellee to elect which of his two alternate remedies he would pursue. The trial judge properly held that appellee could not have satisfaction under both remedies and required him to elect which he would follow, but he did not do so until after the jury had rendered their verdict. The trial court did not commit reversible error in failing to require such election of remedy before the charge was submitted to the jury. As to just what time the election of remedies would be required was more or less a matter addressed to the discretion of the trial judge and no abuse of that discretion is shown. Appellant has not shown that it was materially injured by the trial court's requiring the appellee to make an election of remedies after the verdict was in rather than before the cause was submitted to the jury. Wood v. Williams, Tex.Civ.App., 46 S.W.2d 332; Rule 434, Texas Rules of Civil Procedure.

■ The record shows that appellant filed a suit in Dallas to which appellee was not a party, and secured a writ of sequestration for the purpose of seizing some forty or fifty shuffle board machines located in different places. Appellee contends that the deputy sheriff of Hildalgo County, in executing this writ of sequestration, picked up six shuffle board machines belonging to him. Appellant admitted that it picked up three such machines belonging to appellee, but

denied picking up the other three. Special Issues Nos. 1, 2 and 3 related to the three machines which appellant denied picking up. Appellant in this connection contends that the court erred in submitting these three issues to the jury, because there was no evidence to show that it had picked up these machines. It appears that some of the machines had two numbers on them, and this fact led to some confusion as to the numbers which were on the machines picked up, but, regardless of this, we are of the opinion that the evidence is sufficient to support the jury's answers to these issues, to the effect that appellant acting through its agent, did pick up the three machines in dispute. The three machines bearing the serial numbers, 10056, 2814 and 2146, are the three machines in dispute. The deputy sheriff Stansbury testified that the writ of sequestration under which he picked up the machines did not have these three numbers and his return did not show that he had picked up machines bearing these numbers, that he checked each number very carefully and therefore knew that he did not pick up machines bearing the above numbers. Appellee heard that the deputy sheriff, Homer Stansbury, and a Mr. Chattam were picking up his machines so he went over and talked to Mr. Chattam, who told appellee that he, Chattam, had a writ and the deputy sheriff with him, and that there was nothing appellee could do to prevent the machines from being picked up. Appellee protested but finally agreed to cooperate and tell them where all the machines were located. He went along with them and would take the money out of the machines before they were picked up. He had a key for each machine for this purpose. Appellee was present when two of the machines in dispute were picked up, but he was not present when the third was picked up. This third one was located at Benavides' Place in Edcouch. They went there, but the place was locked up and they could not get in. Appellee gave Chattam, who was appellant's agent, a note to the proprietor of the place and the key to the machine, and left for the purpose of keeping an engagement in Harlingen. Later appel-

lee learned that this machine had been picked up. This evidence was sufficient to show that appellant, acting through its agent Chattam and the deputy sheriff Homer Stansbury, picked up the three machines in dispute. It is true that this evidence is in conflict with the officer's return to the writ of sequestration, but appellee was not a party to the suit out of which the writ of sequestration was issued, and this return was not in any way binding upon him.

█ Appellant next complains because the court, in Issues Nos. 4 through 15, used the word "value" and not "market value." Appellant's objection to each of these issues was as follows:

"Further Defendant objects to the submission of the issue for the reason that it does not present the proper measure of damages or value of the said machine in that such value should be set forth as the market value of said machine."

This objection was overruled by the court, and his action in so doing is assigned as error. The fact that appellee ultimately elected to accept a return of the machines, plus such other remuneration as he was entitled to for their loss of use, renders the answers of the jury as to value of the machines immaterial and therefore if there was error in the manner in which the issues were worded it is now immaterial error.

Appellant next contends that Issues 4 through 15, and Issues 16 through 21, should have been submitted alternatively and that the court's failure to so do unduly emphasized appellee's cause of action, resulting in prejudice to appellant. This point is closely related to appellant's first contention to the effect that the court erred in not requiring appellant to elect which of his two inconsistent remedies he would pursue before the charge was read to the jury. As we have heretofore held this was a matter addressed to the discretion of the trial court, and no abuse of that discretion is shown. The point is overruled.

The trial court refused appellant's specially requested Issue No. 3, and such action

of the court is assigned as error. This requested issue was intended to inquire of the jury whether appellant seized the three machines which it admitted seizing, under the mistaken belief that the machines belonged to one Joe Gathings, and that it held a chattel mortgage on such machines which created a first lien upon them. Appellant was permitted to prove that it seized these machines under such mistaken belief in mitigation of damages, but no useful purpose would be served by submitting such issue to the jury, as it did not constitute an ultimate issue. Again, inasmuch as appellee elected to recover the machines, together with compensation for loss of their use, the question of damages became immaterial.

█ Appellant next contends that the court erred in submitting to the jury the value of the use of the machines per week and then multiplying this sum by forty-five, being the number of weeks found by the court that such loss of use would have continued. This was a wrong method for determining the value of the loss of use of the machines, and the error is of such a nature as was calculated to, and probably did, result in causing the rendition of an improper judgment against appellant. This method of determining the value of the loss of use of property has heretofore been condemned. Block Motor Co. v. Melia, Tex.Civ.App., 247 S.W. 666; Brookmole v. Kinchen, Tex.Civ.App., 253 S.W. 953. Appellee contends that the matter of the weekly value of the use of the property having been decided, the trial court was authorized to find the number of weeks that such value would continue. We are well aware of the rule that where some phase of a cause of action or defense is submitted to a jury and no request is made by either party that the other phases of the same matter be submitted to the jury, such failure to so request is a waiver of the unsubmitted phases, and the trial court can make a finding upon such unsubmitted phases. However, the question here is not as to whether under the circumstances the trial court could determine the number of weeks for which such weekly rental would continue, but the point is that this method of determining the rental

value is not permitted, regardless of whether the judge or jury makes the finding. The burden was upon appellee to secure a finding as to the value of the use of the machines from August 14, 1953, the date on which they were seized, until the date of the trial, and this he did not do. The record shows that there was no fixed rental upon these machines per week, but that the revenue from each machine would vary from week to week. It is true that these revenues were uncertain as to amounts and speculative to some extent, but the jury who had heard all the evidence could estimate the amount of this revenue over the entire period, as they may do in a personal injury case where the damages are uncertain in amount and somewhat speculative. It would not be just to deny recovery for loss of the use of the machines because the amount thereof could not be reduced to a mathematical certainty. Future rentals and damages are frequently estimated by the jury or judge, as the case may be. Parlin & Orendorff Co. v. Kittrell, Tex.Civ.App., 95 S.W. 703; Vaughn v. Charpiot, Tex.Civ. App., 213 S.W. 950; Block Motor Co. v. Melia, Tex.Civ.App., 247 S.W. 666; Brown v. Spector, Tex.Civ.App., 70 S.W.2d 478; Page v. Hancock, Tex.Civ.App., 200 S.W. 2d 421; Montgomery v. Gallas, Tex.Civ. App., 225 S.W. 557.

■ As heretofore pointed out by us, appellee would not be permitted to recover the machines and the reasonable value of the use of them during the time he was deprived of their use, and in addition thereto the depreciation in the value of the machines. It would be presumed that the machines would have depreciated in value regardless of whether they were in the possession of appellee or appellant. Block Motor Co. v. Melia, Tex.Civ.App., 247 S.W. 666; Brookmole v. Kinchen, Tex.Civ.App., 253 S.W. 953, 954.

In view of the fact that this cause must be reversed and remanded for another trial, we deem it proper to call the attention of the trial court and the parties to the statement contained in Brookmole v. Kinchen, supra, with which we are in accord, reading as follows:

" 'In determining the value of the use under the above rule, care should be taken not to permit the fixing of an amount out of all proportion to the value of the thing itself; otherwise the result is not compensation for use, but punishment for a wrong, in a case where exemplary damages, as such, would not be allowed. So where damages allowed for the detention of property for less than a year were more than twice the value of the property, it was held that the damages were grossly excessive."

■ There is only one other point raised by appellant which we deem necessary to discuss. Appellant's twentieth point contends that it was reversible error for the attorney for the appellee to hand to each juror a pencil and a paper pad and suggest that they make such notes of the arguments as they might desire and carry them into the jury room during their deliberations. We overrule this contention. We think it would have been better for attorney for appellee to have requested the court to have some officer of the court furnish such pencils and paper pads to the jury, so that the attorney would not have been placed in the attitude of attempting to incur favor with the jury by personally giving each juror a pencil and paper pad. What we are saying is, that the mere fact the jury was provided with pencils and paper pads so they might make notes and take their notes with them into the jury room to be used during their deliberations did not constitute reversible error. See Brooks v. Temple Lumber Co., Tex.Civ.App., 105 S.W.2d 386; Note, 154 A.L.R. 878, 881; 89 C.J.S., Trial, § 456.

For the reason above stated, the judgment of the trial court will be reversed and the cause remanded.

*On Motion for Rehearing.*

POPE, Justice.

Plaintiff, Daniel A. Klag, pleaded damages by way of loss of income and profits. He pleaded expressly "That the above described machines and other machines of this character have no rental value * * *." By supplemental petition, plaintiff asked for recovery of the machines and for the loss of use and hire. All of plaintiff's proof of damages related to the loss of income and profits and not to rental value. Loss of income and profits as proved is an entirely different measure of damages from the loss of use and hire. When the court submitted damage issues on loss of use and hire the defendant objected because there was no evidence to prove that kind of damages. The objections were overruled and the jury answered the issues of use and hire on the basis of the proof on loss of income and profits. The defendant again called the error in submitting the damage issues to the court's attention by motion for judgment non obstante veredicto, and again by motion for new trial. The defendant's objection to the issues should have been sustained.

The motion for rehearing is overruled.